## MOORE vs. MADISON COUNTY.

[ACTION ON OFFICIAL BOND OF COUNTY TREASURER.]

1. *Liability of county treasurer and sureties on official bond.*—Where a county treasurer is re-elected several successive terms, the sureties on his official bond for any one term are responsible for money converted by him during that term, whether received during the term, or remaining in his hands at the expiration of the preceding term; but, where his receipt of money during the term is shown, and there is no evidence of any conversion of it during the term, he may discharge himself by proof of disbursements after the expiration of the term.
2. *Conclusiveness of report of examining committee.*—The report of an examining committee, appointed under the act of 1822, (Clay's Digest, 580, § 28,) which shows a balance in favor of the county treasurer, and which is approved by the commissioners' court, is no bar to a subsequent action on the official bond of the county treasurer.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by the appellee, against Benjamin T. Moore and John H. Lewis; was founded on said Moore's official bond as county treasurer of Madison, and was commenced on the 16th January, 1854. The defendants pleaded the general issue, with leave to give in evidence any special matter of defense. At the August term, 1857, by agreement of record, the matters in controversy were referred to the arbitrament of Isaiah Dill, "upon the following terms and principles: Said Dill shall take and state an account, charging the defendants with all sums of money received by said Moore, as county treasurer, during the period covered by the bond in suit, and with all sums with which he may be legally chargeable in consequence of any and all acts of omission and commission during that period, and crediting him with all sums lawfully paid out or disposed of by him during the same period; and shall report the result to the court, as his award. But, in stating the account, and making up his award, the arbitrator shall give the defendants the full legal benefit of all legal

settlements made by him with the commissioners' court, and of any and all other defenses of which he would be allowed the benefit on a trial in the circuit court; it being the intention of this agreement, that all evidence which would be legal, and every fact which would be available to either party in the circuit court, shall be admissible before the arbitrator, and have the same effect as if the cause was tried in the circuit court; and neither party waives by this agreement any right which he would have if the cause was tried in that court. In taking said account, the arbitrator shall decide all questions presented on legal principles, and note the same in his report when desired by either party; and all questions so reported shall be open for revision by the court, and shall be so revised and decided, at the desire of either party, on the coming in of the report. If the decision of the court on any question be adverse to the decision of said arbitrator, the award shall, in that respect, and to that extent, be referred back to him for correction. In all other respects, the award shall be final, and, when corrected as above, shall be made the judgment of the court. The action of the court on said award is to be subject to revision or appeal."

On the hearing before the arbitrator, the plaintiff read in evidence the bond on which the suit was founded, which was dated the 5th February, 1835, and conditioned that the said Moore "shall well and truly perform and execute the duties of the said office of county treasurer, and shall also account for and pay over, according to law, all moneys and county funds that may come into his hands as such, duly and faithfully"; and proved that said Moore was reappointed county treasurer on the 5th February, 1838, and continued to act as such treasurer until the 5th December, 1842. The arbitrator rejected all the evidence offered by the plaintiff, showing the receipt of money by said Moore, at different times, between the 5th February, 1835, and the 16th January, 1838, on the ground that the statute of limitations of sixteen years was a bar as to those items; and he also rejected the defendant's evidence of disburse-

ments made during the same period. The plaintiff proved that, on the 23d January, 1838, the tax-collector of the county paid to Moore, as county treasurer, the sum of five hundred dollars. The defendant then offered to prove payments and disbursements, made by said Moore, as county treasurer, between the 5th February, 1838, and the 1st January, 1839, amounting to about one thousand dollars; "which was refused to be allowed, because the said Moore entered on a new term of office as treasurer on the 5th February, 1838, and executed a new bond, with other and different sureties;" and to this decision of the arbitrator the defendants excepted.

The defendants read in evidence, "as a bar to this suit," from the records of the commissioners' court of the county, several entries, showing that, on the 15th April, 1844, the report of three commissioners, who had been previously appointed by that court to examine the accounts of the county treasurer, was approved, and ordered to be recorded; that said commissioners reported a balance of over five hundred dollars as being due to said Moore on settlement of his accounts; and that the court made an order, directing his successor to pay him the balance so reported in his favor. The arbitrator held, that this was not a bar to the action.

The arbitrator, in his award, reported a balance of twelve hundred and eighty dollars in favor of the plaintiff, being the item of five hundred dollars above mentioned, with interest thereon; and his award was confirmed by the court, and entered up as its judgment. There is no bill of exceptions in the record; but the minute-entry recites, that each party excepted to the ruling of the court in confirming the award. From this judgment the defendant Moore appeals, and here assigns the same as error, together with several rulings to which he reserved exceptions before the arbitrator.

S. D. J. MOORE, for appellant.
R. C. BRICKELL, contra.

Moore v. Madison County.

STONE, J.—The undisputed facts in this case show, that, shortly before the expiration of the term of office covered by the bond which is the foundation of this suit, Mr. Moore received a sum of money, which had not been disbursed at the time of his re-appointment.   There is no evidence in the record, that, during that time, he had converted that sum of money, nor, in fact, that he ever did convert it; unless a conversion can be inferred from the fact of its reception, and the absence of proof of its disbursement during that term.

Mr. Moore held the office of county treasurer of Madison for several consecutive terms.   At the end of the term, during which he is charged with having committed the present default, he was re-elected, and thus became his own successor.   Whatever funds he may have held at the end of his first term, it was his duty, under his second election, to hold, subject to proper debts and orders against the treasury.   He was, by law, made the custodian of the funds; and merely retaining them until it became his duty to pay them out on debts or orders, could not constitute him a defaulter.   In truth, the law cast on him the duty of holding the funds, until after-accruing liabilities should require their disbursement.   It was early ruled in this court, that when a county treasurer has held the office for two or more terms, the liabilities of the sureties on the second bond are not necessarily limited to moneys which came to the hands of their principal after they became his sureties; but that for moneys held by him at the time they executed their bond, they are equally liable, if he afterwards commit default in respect of them.   This, we think, results necessarily from the fact, that the treasurer is made the custodian of the county funds.—See *Townsend v. Everett*, 4 Ala. 607–11 ; Clay's Digest, 578–9, §§ 15, 17 ; Toulmin's Digest, 758, § 5.

The primary court clearly erred in restricting Mr. Moore's proof to disbursements made by him during the term in which they were received; that being the only term covered by the bond in suit.   He should have been allowed

to prove after-payments, as tending to rebut the evidence of default charged. If the funds were converted during the term covered by this bond, no matter when received, the treasurer and these sureties are liable for it. But, if there be no evidence of conversion during this term, the present sureties cannot be held accountable for funds held over, or for conversions after the period of their bond has expired.

[2.] We do not think the report of the examiners, appointed under the 3d section of the act of 1822, (Clay's Digest, 580, § 28,) can operate a bar to this suit. The statute asserts no such purpose, and we can perceive no good reason for engrafting upon it a feature so important.

Reversed and remanded.

R. W. WALKER, J., having been of counsel, not sitting.