# Barnes v. Hudman.

*Motion in Circuit Court against County Treasurer and Sureties for Failing to Pay Claim allowed Against County.*

1. *County treasurer; proper custodian of what moneys.*—The county treasurer is the proper custodian of moneys raised by taxation, under the provisions of the act to authorize several counties, towns, and cities of the State to subscribe to the capital stock of railroad companies.

2. *Claim against money raised under act authorizing subscription to railroads; liability of treasurer for failing to pay.*—The money raised in pursuance of such act is the property of the county until paid over; and if the treasurer, after a claim against such funds has been duly allowed and filed, fails, without sufficient excuse, to pay it, he is liable to the summary remedy provided by the statute.

3. *Case explained.*—The ruling of this court in the case of *Barbour County v. Clark* (50 Ala. 416), is explained, and not regarded as in conflict with the case at bar.

APPEAL from the Circuit Court of Lee.
Heard before the Hon. J. E. COBB.
The case is stated in the opinion.

[Barnes v. Hudman.]

G. D. & G. W. HOOPER, for appellants.—1. The demurrer filed by appellee in the court below does not *specify* any objection to a matter of substance in the motion of appellant in the court below, and even if the motion of appellant abounded in error the court below should not have sustained the demurrer unless the objection or error were *distinctly* pointed out.—Revised Code, § 2656.

2. We do not suppose that appellee will contend that either the first, second, third, or fifth grounds of demurrer could be sustained. Does the fourth assignment state " that the motion does not show that *Daniel N. Hudman* has moneys that ought to be applied to the payment of the certificate ?"

3. On reading the motion it will be seen that the averment is very distinctly made that Hudman had moneys that ought to be so applied. This assignment does not present the question as to whether Hudman, *as treasurer*, or his securities, could be made liable for said moneys on his official bond. But we suppose this is the question which appellee desired to raise. It is clear on the pleadings, as presented, that the county treasurer did receive the money out of which the order should have been paid as treasurer. Under Revised Code, § 926, it is the duty of the county treasurer to *receive and keep* the money of his county. Was not this the money of Lee county? Does the fact that it was collected under act of 1868 (page 516), for a specified purpose, prevent it from being county money?

4. The act 1875–6 (page 61) requires tax collector to make settlement with county treasurer *for all county taxes*.

H. C. LINDSEY, *contra.*—1. The Revised Code, § 930, only allows a rule against the county treasurer when he fails to pay an allowed claim against *the county*. In this case there was no allowed claim against the county. The face of the warrant itself, as copied in the transcript, as well as the motion, shows that it was *railroad* money, and not *county* money, out of which appellant sought payment. The county treasurer has no right to the custody of the railroad tax-money, raised by virtue of the act entitled " an act to authorize the several counties and towns and cities of the State of Alabama, to subscribe to the capital stock of such railroads throughout the State, as they may consider most conducive to their respective interests."—*Barbour County v. Clark,* 50 Ala. 416. The county money required to be received by the county treasurer is that spoken of in section 910, Revised Code. But, should the railroad tax-money

pass into his hands, yet it is not as *treasurer*, but in some other capacity, as fiscal agent, &c., and though he may be responsible for it, still he will not be liable to such motion as appellants made below.

2. And again, in this case judgment is sought against the sureties of the treasurer on his official bond. Clearly this could not be done, for although they are responsible for the performance by their principal of all duties imposed on him by laws passed subsequently to their becoming such sureties, (Revised Code, § 169,) yet, in this case, receiving this railroad money has never been made the duty of such treasurer.

3. Quoting the language of Chief Justice BRICKELL, (in *Morrow v. Wood*, in manuscript, decided at present term of this court): "Sureties on official bonds guarantee only the performance of official duty. . . . If no statute had been passed imposing on the treasurer the duty of receiving from the tax collector the poll tax and other school money, a payment of them to him would have been unwarranted, not discharging the collector from liability. The receipt of such money by the treasurer would have imposed no liability on his sureties."

4. That the demurrers below raised the proper objection, and were matter of substance, which was specified, made really no argument. The motion, as well as the warrant, says that payment of the warrant was sought from the treasurer out of railroad money. The demurrers specifically pointed out the fact that this money was not liable to be reached in this way.

MANNING, J.—Appellant moved in the Circuit Court, under section 930 of the Revised Code, (section 3395 of Code 1876,) for a judgment against the treasurer of Lee county and the sureties on his official bond, for his failure on demand to pay an allowed claim against the county, of the warrant for which the following is a copy:

"State of Alabama, Lee county—Court of County Commissioners, February term, 1870. It is ordered by the court that the county treasurer pay Savannah and Memphis Railroad Company the sum of three hundred and fourteen 50-100 dollars, out of any moneys in the treasury not otherwise appropriated, for printing county bonds for subscription to said railroad company, to be paid out of railroad tax.

"Issued on the 29th day of November, 1870.

(Signed,)　　　　　"DAVID READ, Judge of Probate."

The notice of the motion alleges the auditing, allowance,

and registration of the claim, the presentation to D. N. Hudman, the treasurer, and that there was then in his hands, as such treasurer, a much larger amount of money belonging to the railroad tax-fund referred to, and received by him from the tax collector, than was sufficient to pay the warrant. A demurrer was filed to the notice of the motion, upon the idea as developed in the argument, that the claim allowed was not a claim against the county; that by the face of the warrant it appears that the funds out of which it was payable, was not county money, but money of the railroad company; that " the county treasurer has no right to the custody of the railroad tax-money raised by virtue of the act to authorize the several counties and towns and cities of the State " to subscribe to the capital stock of railroad companies; and that consequently the treasurer was not, as such official, responsible for the railroad tax-money levied under that act which might come to his hands, or bound to pay the warrants drawn thereon by the orders of the court of county commissioners, or subject to the summary proceeding by motion, for refusing to do so.

1.  This argument rests upon a misconception of the act under which the tax was levied, and of the duties of the county treasurer. The conclusion is wholly erroneous that because section 910 of the Revised Code (1867), authorizing the regular annual levy of taxes for county use, expressly provides that they shall be paid by the collector to the county treasurer, therefore, he is authorized to receive and can be made accountable for only such moneys as the statutes, in terms, direct to be paid to him. This primary duty, prescribed by section 926 of the Revised Code (section 845 of the Code of 1876), is, "*first,* to receive and keep the money of his county and disburse the same according to law." And according to section 826 (907) of the Code of 1876, "the courts of county commissioners must in term time, audit all claims against their respective counties; and *every claim,* or such part thereof as is allowed, must be registered in a book kept for that purpose; and the judge of probate must give the claimant a *warrant on the treasury* for the amount so allowed." Thus it will be seen that, in the absence of any other provision actually made according to law, it is only through the county treasurer that the court of county commissioners—the administrative body, without whose sanction no county debt may be discharged—can pay claims against the county. And it is clear that, ordinarily, all the moneys

[Barnes v. Hudman.]

of the county must go into the county treasury, and be in the custody and charge of the county treasurer.

2. Now, the statute of 1868—under which the county of Lee subscribed for stock in the Memphis and Savannah Railroad Company, and issued its bonds for the amount subscribed and interest thereon, to that company—authorized and required (in section 7) the court of county commissioners to levy such special tax "as may be necessary to meet the interest falling due semi-annually on said bonds, and such other reasonable amount, to be determined by said court, as will pay the expenses of assessing and collecting said tax and for issuing said bonds," &c. The sections next following enact regulations and the methods of proceeding in respect to the levy and enforcement of this tax. Whose is this money when collected? Surely, it is the county's money. And it is raised expressly to enable it to pay the interest on its bonds to its creditor, the railroad company, and the expense of issuing those bonds. It is not the money of the railroad company until it is paid to it. And where in the meantime should it be except in the county treasury? What should the tax collector do with it? if not pay it to the county treasurer, whose expressly declared duty it is, "to receive and keep the money of his county, and disburse the same according to law;" that is, upon the warrants of the court of county commissioners.

3. We do not regard the ruling in *Barbour County v. Clark* (50 Ala. 416) as in conflict with the views here expressed. The point actually decided in that case—and nothing else—was, that the treasurer of a county was not entitled to commissions on such of the money raised by this railroad tax as did not, in fact, go into his hands and charge, but were paid over to a "fiscal agent" of the county appointed by the court of county commissioners to receive and disburse it. If the county of Lee had the right under this statute to appoint such fiscal agent (a question not really decided, because it was not necessary for the court to decide it in that cause), yet, if it did not do so, and the moneys, therefore, went, where they should have gone, into the hands of the county treasurer, he and his bondsmen are undoubtedly responsible for their safe-keeping, and disbursement according to law.

It is only the fourth and fifth grounds or reasons, assigned as causes of demurrer, that are here insisted on; and this is done by the argument we have above considered. No other is offered to sustain the objections to the notice that are

specified in the demurrer ; and in sustaining this, the court erred. We decide no other questions than those thus pre—sented and argued.

Let the judgment sustaining the demurrer be reversed and the cause be remanded.