# Lister *v.* Vowell, *et al.*

*Action of Trespass against Sheriff for Wrongful Seizure of Goods.*

1. *Pleading and practice; amendment of complaint.*—Where an action of trespass is brought by the individual members of a partnership against a sheriff to recover damages for the wrongful taking of partnership property, the amendment of the complaint, by adding after the names of the plaintiffs as they appear in the title of the case, the words "as partners doing business under the name and style" of the designated partnership, is permissible and does not constitute a departure from the original action.

2. *Same; same.*—In such an action, the amendment of the complaint by adding after the name of the defendant the words "as sheriff of Etowah county," being merely descriptive of

[Lister v. Vowell, *et al.*]

the defendant, does not constitute a departure and is permissible.

3. *Husband and wife; when not necessary to show that the wife acquired title by written contract.*—In a controversy between a married woman and a third person as to certain property to which she interposed a claim it is not necessary, in order to establish her title to said property, to show that the contract by which she acquired property was in writing and assented to by her husband.

4. *Same; same; when husband's authority to act as agent need not be in writing.*—Where the husband has acted as the agent of his wife in purchasing property, as between the wife and a stranger to the contract by which she acquired the property, who seeks to subject such property to the husband's debts, it is immaterial whether the husband's authority was in the writing or not.

5. *Same; profits resulting from personal service of husband can not be subjected to payment of his debts.*—Where the husband has acted as agent for his wife in the management of her business in which he gives his personal services, the fact that his labor in and management of the business results in profits, which are paid in part for the business, does not render the property acquired thereby subject to the husband's debts.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This suit was originally brought in the name of A. P. Vowell, R. D. Vowell and J. A. Vowell, against T. W. Lister, and claimed of the defendant damgaes for wrongfully taking the following property, viz.: "One 15 horse power boiler and Peerless engine, one saw mill and fixtures, and 26,000 feet of lumber." The complaint was amended by adding after the name of T. W. Lister, the defendant, the following words: "As sheriff of Etowah County." The defendant made a motion to strike this amendment, on the ground that it was a complete departure from the original complaint. This motion was overruled, and the defendant duly excepted. The defendant then moved to strike the amendment, upon the ground that it added nothing to the complaint. This motion was overruled, and the defendant duly excepted. Thereupon the plaintiff, by leave of the court, amended the complaint by adding after the names of the

plaintiffs as they appear in the title of the case, the following words: "As partners doing business under the name and style of the Vowell Lumber Company." The defendant moved the court to strike said complaint, as amended, from the file, upon the ground that it was a complete departure from the original complaint. This motion was overruled, and the defendant duly excepted. It was shown that the property alleged to have been wrongfully taken from the possession of the plaintiff was levied upon by the defendant as sheriff under an execution issued on a judgment recovered against D. N. Vowell, who was the husband of the plaintiff, A. P. Vowell, and that the property so levied upon was, at the time, in the possession of the plaintiffs, who were conducting a lumber business under the firm name of the "Vowell Lumber Company." The other facts of the case, necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the plaintiffs, assessing their damages at the sum of $366.73. To the rendition of this judgment the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GEORGE D. MOTLEY and E. H. HANNA, for appellant. The amendment allowing plaintiffs to substitute the partnership should not have been allowed.—*West. R. of Ala. v. McCall*, 89 Ala. 375; *Ex parte Collins*, 49 Ala. 69.

Prior to the present statute, the husband was entitled to the earnings of the wife and all property of hers reduced to possession which is liable to his debts.—*Evans v. Covington*, 70 Ala. 440; *Carleton v. Rivers*, 54 Ala. 467; *McAnally v. O'Neal*, 56 Ala. 299; *Bynum v. Frederick*, 81 Ala. 489; *Booker v. Waller*, 81 Ala. 549.

The title to the saw mill, engine and boiler and stock never having been in A. P. Vowell, as her husband had no written authority to act for her, nor was the contract in writing; and she not having contributed any labor or anything else to the production of the lumber, she can

not recover for that as no title is in her, and her failure to recover will prevent the other plaintiffs recovering as all must recover or none can.—3 Brick. Dig. 701, § 14, and authorities cited; *McLeod v. McLeod*, 73 Ala. 42.

N. G. CANNING, *contra*.—In trespass against an officer, a plea of justification under process must specify the process particularly and state every fact necessary to show the justification.—*Harrison v. Davis*, 2 Stewart, 350.

If the defendant attempts to show fraud, he must file a special plea, and there is no such in this case.—*Stephenson v. Wright*, 111 Ala. 579.

SHARPE, J.—Upon the theory that the plaintiffs were partners and were suing for the taking of their partnership property, the action was properly brought in their individual names, and the amendment describing the plaintiffs as partners if not necessary to be made did not make any change of parties. Since a partnership is not a person, either natural or artificial, it cannot sue as a party plaintiff in the firm name.—*Moore & McGee v. Burns & Co.*, 60 Ala. 269; *Lanford v. Patton, Donegan & Co.*, 44 Ala. 584. The addition of the firm name "Vowell Lumber Co.," whereby it appears in the complaint as a party plaintiff was unavailing for such purpose, but the objection to these amendments coming by motion to strike out the whole complaint as amended on the ground that it was a departure was not well taken and was properly overruled. The addition of the words "as sheriff of Etowah County, Alabama" to the defendant's name was merely descriptive of the defendant, and the refusal of the court to strike them out was harmless to the defendant.

This appeal is from a judgment rendered against appellant for the value only of lumber levied on and sold by him as sheriff, and the other property mentioned in the complaint is not here involved.

It appears from the evidence that a half interest in the saw mill at which the lumber was made was rented in 1886 for plaintiff A. P. Vowell by her husband who used therefor $200 of her money. That he thereafter

worked at the mill and managed her interest as her agent until about 1891, when the mill was bought for her for $500, of which $200 was paid from proceeds of a sale of her land and the rest was paid out of the proceeds of the business. Thereafter the other plaintiffs, R. D. and J. A. Vowell, each became the owner of a third interest in the mill by purchase from A. P. Vowell, and from February, 1896, the business was carried on by the plaintiffs jointly under the name of the Vowell Lumber Company, during which time D. N. Vowell continued to work in the mill and to manage his wife's interest as her agent and at the same time the plaintiffs R. D. and J. A. Vowell also worked in the mill and made payments on the purchase of their respective interests from the proceeds of the business. The lumber was taken by defendant under an execution which he held as sheriff against D. N. Vowell, and when taken the lumber was stacked near the mill and was owned by the Vowell Lumber Co., and was produced at the mill after plaintiffs R. D. and J. A. Vowell acquired their interests. The fact that Mrs. Vowell through her husband bought the mill, entered into the partnership and engaged in the business was testified to without objection or contradiction. If the proceeding were one seeking to bind her upon the contracts involved in those transactions it would be material to inquire whether they were in writing assented to by the husband according to the statute then in force. But she had capacity to acquire property without a written contract, and in this controversy between her and a third person such written contract and assent was not essential to sustain her claim of ownership to the lumber; and whether her husband had written authority to act as her agent was likewise immaterial.

The creditors of D. N. Vowell had no legal right to require that his personal services should be devoted to the extinguishment of their claims, and the fact that his labor in, and management of, the business resulted in profits which paid in part for the mill and for its operation did not render the lumber, or Mrs. Vowell's interest therein, subject to the execution.—*Wheeler v. Biggs* (Miss.), 15 So. Rep. 118. The evidence was sufficient to

[Smith v. Elrod.]

authorize a judgment for the value of the lumber sued for with interest.

The complaint claims for only 26,000 feet, the value of which estimated according to the proof and upon the lumber of the best class taken is $227.65. The judgment of the city court is for $366.73 which, though corresponding to the value of the lumber shown by the proof to have been taken, was plainly excessive of the claim as made by the complaint. The jury having been waived, the judgment will be reversed and here rendered that the plaintiffs recover of the defendant two hundred and fifty-five dollars and twenty cents, being the value with interest of the lumber claimed for in the complaint, besides his cost in the city court, exclusive of the costs of the appeal which will be taxed against the appellee.

Reversed and rendered.