COUNTY OF HARLAN, APPELLEE, V. EZRA S. WHITNEY
ET AL., APPELLANTS.

FILED JUNE 4, 1902.   No. 11,701.

Commissioner's opinion, Department No. 2.

1. Principal and Surety: CREDITOR MAY ENFORCE SECURITIES. A cred-
   itor is entitled to enforce for his own benefit any securities
   which the principal debtor has given his surety by way of in-
   demnity.

2. Securities: TRUST: PAYMENT: PRINCIPAL OBLIGATION: OBLIGA-
   TION: CREDITOR. As such securities are deemed in equity to
   be held by the surety in trust for payment of the principal
   obligation, if the surety assigns them to the creditor, the
   latter may enforce them, although the surety could not have
   done so without first discharging such obligation.

3. Bond: PRINCIPAL: CONTINGENT LIABILITY: SURETIES: CONSIDERA-
   TION: MORTGAGE: INDEMNITY. The contingent liability of a
   principal to the sureties upon his bond, is a sufficient consid-
   eration to support a mortgage given to indemnify such sureties
   after execution and delivery of the bond, and before a breach.

4. Deed: MORTGAGE: RECITAL: TRUSTEE: GRANTEE: SURETIES: PAROL
   EVIDENCE. Where a deed by way of mortgage recites that the
   grantee is trustee for sureties upon a bond of the grantor, parol
   evidence is admissible to identify the bond and the sureties
   referred to.

5. County Treasurer: OFFICIAL BOND: SURETIES: INDEMNITY: MORT-
   GAGE. A mortgage given by a county treasurer to indemnify
   the sureties on his official bond is not illegal or void because
   at the time it was given the grantor was suspected of em-
   bezzling public funds, and the mortgage was given to protect
   the sureties in case a defalcation should ensue.

6. ———:   ———:   ———:   ———: SUBROGATION: ASSIGNMENT. Al-
   though a county may not demand of a county treasurer any
   other or further security than the bond required by law, such
   fact does not prevent it from taking advantage of securities
   given by the treasurer to the sureties upon his bond for their
   indemnity, either by way of subrogation or by procuring an
   assignment from the sureties.

7. Limitation of Liability: CONSIDERATION RECITED. Where no in-
   tention so to limit it can be deduced from the face of the
   instrument or the circumstances of its execution, the security
   of a deed, absolute in form, given to indemnify sureties, is not

limited to the formal mcney consideration recited, but extends to the full amount for which the sureties ultimately prove to be liable.

8. **Mortgage-Debt:** PROCEEDINGS AT LAW: PRIMA-FACIE SHOWING. A prima-facie showing that no proceedings at law have been had for recovery of the mortgage-debt is sufficient, where no evidence is adduced to the contrary

APPEAL from the district court for Harlan county. Heard below before ADAMS, J. *Affirmed.*

*John Everson,* for appellants.

*A. M. Beresford, contra.*

POUND, C.

Ezra S. Whitney, as treasurer of the county of Harlan, had given the required bond, with several sureties, for due performance of the duties of his office. Toward the end of his term a suspicion arose that he was short in his accounts. Thereupon, in order to indemnify said sureties, he and his wife executed a deed conveying the lands in controversy to one Roberts as trustee, reciting expressly that he was trustee for the sureties on said Whitney's official bond. A shortage having occurred as anticipated, the successor of the trustee conveyed said property to the county, which brought this suit, alleging that the deed was intended as a mortgage to secure said sureties and the county against loss, and praying foreclosure. A decree was rendered accordingly, from which this appeal has been taken.

It is argued that there is no evidence to sustain the decree because the proof' shows clearly that said conveyance was intended to secure the sureties only, and there is no evidence in support of the allegation that it was intended for security of the county as well, nor is it shown that the sureties have paid the amount due on the bond. But it is elementary that a creditor is entitled to enforce for his own benefit any securities which the principal debtor has given his surety by way of indemnity. In equity, such securities are considered as held by the surety

in trust for payment of the principal obligation.  In a sense they belong to the creditor, and proof that they were given to indemnify the surety would be sufficient to support the allegation that they were given for further security of the creditor, if such an allegation were necessary.  *Blair State Bank v. Stewart,* 57 Nebr., 58, 63 ; *Longfellow v. Barnard,* 58 Nebr., 612, 617.  In the latter case it was held that "a mortgage given to indemnify a surety or guarantor is in legal effect a security to the owner of the debt, even though he did not originally rely on it or know of its existence."  It follows that when the sureties, through their trustee, assigned the security to the county by conveyance of the land, the county could enforce it, although the sureties might not have done so themselves without first discharging the obligation.  The security is regarded as given for discharge of that obligation, and must be applied thereon, either directly, or by satisfying those who have discharged it.  Equity does not insist upon the circuitous procedure of payment by the sureties and enforcement by them.  It looks to the substance, and will permit or even require an application upon the debt directly at suit of the creditor.  *Meeker v. Waldron,* 62 Nebr., 689.

Several points have been urged against the validity of the deed, which require brief notice :

It is said that there was no consideration, since the deed was made long after execution and delivery of the bond and before any breach.  But it is clear that the contingent liability of the principal to his sureties was sufficient consideration for a mortgage.  *Longfellow v. Barnard,* 58 Nebr., 612, 618, and cases cited.  The authorities relied upon by counsel have reference only to promises and contracts for indemnity, which are obviously governed by a different rule.

It is claimed, further, that the deed is void for uncertainty, for the reason that it does not sufficiently designate or describe the beneficiaries.  The deed recites expressly that the property is conveyed to the grantee "as trustee

for the sureties on the official bond of the said Ezra S. Whitney." It was certainly competent to show by extrinsic evidence that Whitney was county treasurer, that he had given an official bond as such, and that his intention in executing and delivering the deed was to secure the sureties thereon. Counsel argues that it appears Whitney held the office for two terms, and gave two bonds, and that there is nothing to show which bond was referred to. But the obvious purpose is to secure those sureties who stood in need of indemnity, and the evidence introduced by plaintiff shows that such was the grantor's intent. Parol evidence was admissible to show who were the sureties referred to as beneficiaries (*Johnson v. Calnan*, 19 Colo., 168, 34 Pac. Rep., 905; *Lee v. Methodist Episcopal Church of Ft. Edward*, 52 Barb. [N. Y.], 116; *Cole v. Satsop R. Co.*, 9 Wash., 487, 37 Pac. Rep., 700; *Bartlett v. Remington*, 59 N. H., 364; *Bayles v. Crossman*, 5 Ohio Dec., 354), and also to identify the debt or obligation intended to be secured. *Jones v. New York Guaranty & Indemnity Co.*, 101 U. S., 622; *Clark v. Houghton*, 12 Gray [Mass.], 38; *Douglas v. Town of Chatham*, 41 Conn., 211; *Cutler v. Steele*, 93 Mich., 204, 53 N. W. Rep., 521; *Paine v. Benton*, 32 Wis., 491.

Next it is argued that the deed is void because at the time it was made the grantor was suspected of having embezzled public funds, and the parties contemplated embezzlement or defalcation, and sought to protect themselves against the consequent liability. But the deed was not intended to permit Whitney to embezzle, or to protect him in so doing. The sureties did not agree to save their principal harmless in case he embezzled public funds. They were indemnified, not he. He gave them security against liability upon the bond which they had signed to permit him to enter upon his office. The purpose was to insure that the county get the moneys due it, not that its moneys should be abstracted with impunity.

Finally, it is said that a county may not demand of a county treasurer any other or further security than the

Harlan County v. Whitney.

bond required by law. Granting this proposition, we are unable to see any reason why, after default in the conditions of such bond, the county may not take advantage of securities given by the treasurer to the sureties thereon, whether by way of suit for subrogation or by procuring an assignment from the sureties, as any other creditor might do.

Counsel complains of the decree rendered for two further reasons: That the liability of the land mortgaged was not limited to the consideration recited in the deed, and that there was no sufficient proof that proceedings at law had not been taken to collect the amount due. Neither point is well taken. The recital of a comparatively trivial money consideration is obviously a mere form. The deed states and the evidence shows that it was given to indemnify the sureties. It was not intended to indemnify them to the extent of $1,000 only, but for the full amount for which they might ultimately prove to be liable, which was over $11,000. There is nothing on the face of the deed or in the evidence to indicate an intention to limit its security to the sum recited as consideration, and the recital, of itself, being clearly formal, could not have that effect. The petition contains the required allegation that no proceedings have been had at law. It appears in evidence that the sureties turned their security over to the county in settlement of the balance for which they were liable on the bond. After doing so they could not sue Whitney for anything secured by the deed, because, so far as they were concerned, the deed had already settled the liability it secured. The county could not sue at law on the bond, because it had taken the security in settlement thereof. In the absence of any evidence to the contrary, a prima-facie showing is enough. *President & Directors Ins. Co. of North America v. Parker,* 64 Nebr., 411.

The decree is sustained by the evidence and is in accordance with law. We recommend that it be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.