[Searcy, et al. v. Cullman County.]


# Searcy, *et al. v.* Cullman County.

### Assumpsit.

(Decided April 13, 1916.   71 South. 664.)

1. **Counties; Treasurer's Bond; Statute.**—The fact that the county treasurer's bond was made payable to the state of Alabama instead of to the particular county, was of no importance or bearing in the county's action on the bond.

2. **Same; Obligation; Special Fund.**—Considering §§ 210-211, 1500, Code 1907, where the treasurer subsequently received and misappropriated money from a special fund derived from the sale of county bonds, for the construction and maintenance of public roads, the action being by the county against the treasurer and his sureties on his general official bond, it is held that §§ 210 and 1500 are in pari materia, and must be considered in view of that relation, that the surety's obligation included the assurance of his fidelity with respect to the special fund, and that the term "additional" meant "supplemental," though an additional bond would not supersede the original bond or minimize the surety's obligation thereon.

APPEAL from Cullman Circuit Court.

Heard before Hon. ROBERT C. BRICKELL.

Suit by the county of Cullman against J. J. Searcy and others, sureties upon his general official bond, as county treasurer. Judgment for plaintiff and defendans appeal.   Affirmed.

GEORGE H. PARKER, and EYSTER & EYSTER, for appellant. A. A. GRIFFITH, F. E. ST. JOHN, and CALLAHAN & HARRIS, for appellee.

MCCLELLAN, J.—(1, 2) The county of Cullman instituted this action against the county treasurer and the sureties on his general official bond to recover a sum of money—received and afterwards misappropriated by the county treasurer—derived from the sale of county bonds authoritatively issued and sold for the purpose of affording funds wherewith to construct and maintain public roads.—Code, § 158 et seq.   The bond of the treasurer was incorrectly made payable to the state of Alabama, instead of to the county of Cullman; but, in view of the statutes, this error is of no importance or bearing.—*U. S. F. & G. Co. v. Union Trust Co.*, 142 Ala. 532, 38 South. 177; *Barnes v. Hudman*, 57 Ala. 504.   The single question presented is whether the obliga-

tion assumed by the sureties on the general official bond of the county treasurer included the assurance of that official's fidelity with respect to the special fund belonging to the county and received by him subsequent to the execution of the general official bond on which this action is founded.

Section 210 of the Code provides: "Before entering on the duties of his office he must give bond, with at least two good and sufficient sureties, in double the estimated amount of the annual revenue of the county, to be determined by the court of county commissioners, payable to the county and conditioned as prescribed by law, which bond is to be approved by the judge of probate and filed and recorded in his office; and the court of county commissioners shall require an additional bond whenever any special fund is to be received by the treasurer, and pay the premium therefor."

So far as presently important, Code, § 1500, provides: "Every official bond is obligatory on the principal and sureties thereon—(1) For every breach of the condition during the time the officer continues in office, or discharges any of the duties thereof. (2) For the faithful discharge of any duties which may be required of such officer by any law passed subsequently to the execution of such bond, although no such condition is expressed therein. (3) For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform, or the improper or neglectful performance of those duties imposed by law."

Section 211 of the Code provides: "It is the duty of the county treasurer—(1) To receive and keep the money of the county, and disburse the same according to law."

The receipt by the treasurer of the special fund here involved had the effect to impose upon that official the obligations of fidelity which the law manifestly exacted of him in respect of funds belonging to the county.—*Jackson County v. Derrick*, 117 Ala. 348, 23 South. 193.

Sections 210 and 1500 are in pari materia, and must be construed in view of that relation. The bond, for the breach of which this action was instituted, was intended by the obligors to be and it was an official bond; and the official acted and was, when the default occurred, acting as county treasurer. The statutory condition that the official would faithfully discharge the duties of his office was of the essence of the obligation as-

[Searcy, et al. v. Cullman County.]

sumed by the obligors on his bond.—Code, §§ 1483, 1500; *U. S. F. & G. Co. v. Union Trust Co.,* 142 Ala. 538, 38 South. 177. That the faithful safe-keeping of and accounting for the special fund in question was of his official duties is manifest. His lawful, official reception of the special fund was not conditioned upon the requirement, or the execution, of an additional bond—a statutory status vitally different from that found to exist in the case of *Morrow v. Wood,* 56 Ala. 1, where the lawful official reception of the fund there in question was expressly conditioned upon the antecedent execution of the bond prescribed by the act, and the assurance that bond was held to afford was restricted by the duties prescribed by the act approved April 19, 1873. The decision in *Morrow v. Wood, supra,* is not a governing authority on the inquiry presented by this appeal.

Setcion 210, in its last provision, prescribed the exaction of an additional bond under defined circumstances, viz., when a special fund was to be received by the official. The term "additional," as there employed, means supplemental. Such an additional bond does not, when given, supersede the original bond or minimize its obligations so far as the sureties on the original bond are concerned. The defined (section 210) circumstances under which the court of county commissioners is commanded by the statute to exact the additional bond but served to fix the occasion when the additional bond should be required, and not to make the requirement, or execution, of the additional bond a condition to the lawful reception of any special fund belonging to the county, for the disposition of which the law did not make other provision. Being an official bond, so intended by the obligors and the tenure of office taken under its sanction, the provisions of section 1500 effected to impose on the obligors on the general bond the obligations to answer for the full penalty of the bond (section 1504) for "every breach of the condition during the time the official continues in office, or discharges any of the duties thereof;" provided, of course, the default or dereliction occurs while such bond is a binding, unreleased obligation.

The trial court correctly so ruled. Its judgment holding the obligors on the general bond liable must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARNDER, JJ., concur.