(99 South. 912)

### Ex parte UNITED STATES CAST IRON PIPE & FOUNDRY CO.   (6 Div. 111.)

(Supreme Court of Alabama.   April 24, 1924.)

**1. Master and servant ⬤⇒411—Judgment in excess of compensation claimed in petition held erroneous.**

Judgment by default for $10 a week for one year in a servant's proceeding for compensation for injuries was erroneous, and subject to reversal or remittitur, where petition sought compensation for loss of 90 days' time only.

**2. Master and servant ⬤⇒412—Reversal of judgment for compensation held to require remand for another trial.**

Where a judgment in a compensation proceeding is in excess of amount claimed in petition, but evidence is not before Supreme Court on certiorari, and uncontroverted affidavit indicates judgment was entered inadvertently, court will remand cause for another trial on merits, instead of rendering judgment.

Certiorari to Circuit Court, Jefferson County; John Denson, Judge.

Petition of the United States Cast Iron Pipe & Foundry Company for certiorari to the Circuit Court, Jefferson County, to review the judgment and finding of said court in a proceeding under the Workmen's Compensation Act (Acts 1919, p. 206) by Ernest Evans against the United States Cast Iron Pipe & Foundry Company. Reversed and remanded.

Brenton K. Fisk, of Birmingham, for petitioner.

The court erred in rendering judgment for one year's compensation on a petition claiming for 90 days. Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803, 118 Am. St. Rep. 612, 11 Ann. Cas. 348; Lister v. Vowell, 122 Ala. 264, 25 South. 564; 15 R. C. L. 605; 23 Cyc. 741; 1 Black on Judg. (2d Ed.) § 138.

Erle Pettus, of Birmingham, opposed.

No brief reached the Reporter.

MILLER, J. This cause is in this court on petition by the United States Cast Iron Pipe & Foundry Company, a corporation, for writ of certiorari to review the judgment of the circuit court awarding compensation to Ernest Evans, an injured employé of petitioner, in the case of Ernest Evans against petitioner in the circuit court of Jefferson county, Ala.

Ernest Evans, in his declaration to the trial court against the United States Cast Iron Pipe & Foundry Company, which was duly sworn to by him, alleged at the time of his injury he was earning $3.15 per day,

and as a proximate consequence of his injuries he lost, to wit, 90 days' time, and claimed compensation for it. There was judgment by default against the defendant. The court found and held that Ernest Evans was entitled to compensation beginning on October 15, 1920, and running for 12 months from that date at the sum of $10 per week for a period of 12 months, making a total of $520, and that all of said sum was past due, and rendered judgment in favor of Ernest Evans and against the defendant for $520. This judgment of the court is the error assigned.

In 15 R. C. L. p. 604, § 43, note 6, we find this principle:

"Therefore the rule is firmly established that, irrespective of what may be proved, a court cannot decree to any plaintiff more than he claims in his bill or other pleading."

And in 23 Cyc. p. 764, note 65, is the following:

"A judgment by default for a sum greater than that prayed for in the declaration or complaint, or justified by its allegations, is irregular and erroneous."

This principle is supported by, Black on Judgments (2d Ed.) vol. 1, p. 200, § 138, note 1, and is given practical application by this court in Lister v. Vowell, 122 Ala. 264, 269, 25 South. 564, last paragraph of the opinion.

[1] The plaintiff in his petition claimed compensation for the damages for, to wit, 90 days. There was a judgment by default. The court on proof held plaintiff entitled to compensation for 12 months at $10 per week, and rendered judgment in his favor for the sum of $520. This was in excess of the amount claimed in the petition, and it rendered the judgment erroneous, subject to reversal or remittitur. Lister v. Vowell, 122 Ala. 264, 25 South. 564, and authorities supra; Act Sept. 17, 1915 (Acts 1915, p. 610).

[2] We will not reverse and render judgment in this cause, but will reverse the judgment and remand the cause for another trial on its merits. This is the proper course under the circumstances. There is no evidence for us to review, so we could fix the correct amount. It appears, from a motion to set aside this judgment on file in this court, verified by affidavit, which is not controverted, that the defendant paid the petitioner, Ernest Evans, full compensation for, to wit, the 90 days claimed by him, and that the cause was to be dismissed; but judgment by default was afterwards inadvertently rendered for the amount stated.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.