155 So. 620

## PICKENS COUNTY et al. v. NATIONAL SURETY CO.

### 6 Div. 569.

Supreme Court of Alabama.
June 7, 1934.

Rehearing Denied June 28, 1934.

Curry & Curry, of Carrollton, and H. A. & D. K. Jones, of Tuscaloosa, for appellants.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Ball & Ball, of Montgomery, for appellee.

BROWN, Justice.

This case in some of its aspects was before this court on the appeal of Pickens County in Pickens County et al. v. Johnson, 227 Ala. 190, 149 So. 252, where a statement of the case up to the time that appeal was disposed of may be found. After the reversal of the decree then before the court, and the remandment of the cause to the circuit court, that court entered an order transferring the case back to the law docket for trial. Thereafter the plaintiffs, alleging that they had an equitable right which would dispose of the controversy, entered a motion in both of said actions at law, praying for a transfer of said causes to the equity docket under the provisions of section 6489 of the Code of 1923. This motion appears not to have been resisted, and was granted as of course.

Thereupon Pickens county and the state of Alabama suing for the use of Pickens county, filed the bill now before the court on the appeal of the complainants from the decree of the court sustaining the demurrers of National Surety Company to the bill.

The defendants in the two actions at law, M. Johnson, National Surety Company, and United States Fidelity & Guaranty Company of Baltimore, Md., are made parties defendant.

The bill also brings in new parties, to wit, the Bank of Carrollton, H. H. Montgomery, as superintendent of banks liquidating the Bank of Carrollton, and First National Bank of Tuscaloosa.

The suits at law were brought against Johnson, as treasurer of Pickens county, and the sureties on his official bonds, to recover money coming into his hands as county treasurer, by virtue of his office or under color thereof, and for which he was allegedly liable to account—causes of action on which the county of Pickens had the right to sue in its own name, and for which its remedy at law was adequate and complete, if Johnson and his sureties are not insolvent. Lewis v. Lee County, 66 Ala. 480; Searcy et al. v. Cullman County, 196 Ala. 287, 71 So. 664; United States Fidelity & Guaranty Co. v. Union Trust & Savings Co., 142 Ala. 532, 38 So. 177; Pickens County et al. v. Johnson, 227 Ala. 190, 149 So. 252.

The equitable rights asserted by the bill are: First, to have the liability of Johnson as county treasurer adjudged and established as a preferred claim against the assets of the insolvent Bank of Carrollton, now in process of administration by the state superintendent of banks; second, to enforce the statutory lien attaching to the property of Johnson in consequence of the execution of his official bonds as county treasurer under section 2603 of the Code; and, third, to impound securities deposited with the First National Bank of Tuscaloosa, by the Bank of Carrollton, to indemnify either Johnson, his surety, or the county of Pickens against loss resulting from the deposit by the county treasurer of the county's funds in the Bank of Carrollton.

Whether or not the statute, Code, § 6489 et seq., authorize bringing in new parties and broadening the scope of the proceeding, as was done in the instant case, is not presented on this appeal by the complainants, Pickens County and the State of Alabama suing for the use, etc., from the interlocutory decree of the court sustaining the demurrers of National Surety Company to the bill, the equity of which is here conceded by appellee.

The bill seeks to hold the appellee, National Surety Company, liable for the entire shortage, upward of $23,000, and its contention is that the devastavit of $16,943.79 occurred before its liability attached, and that the bill is defective in that it contains inconsistent alternative averments, some of which do not entitle complainants to this full measure of relief.

In the eighth paragraph the bill avers that "on, to-wit: January 1, 1932, when respondent M. Johnson entered upon the discharge of his duties of County Treasurer of Pickens County, Alabama, for the year 1932, he received for the use of Pickens County, Alabama, *or* there was in his hands for the use of Pickens County, Alabama, *or Pickens County, Alabama, had with him as such County Treasurer credit* for the sum of $16,943.79, with all of which he was chargeable," etc. (Italics supplied.) The insistence of appellee is that the second and third alternatives are uncertain of meaning, and, when construed most strongly against the pleader, as must be done on demurrer, they import nothing more than that said funds of the county had been converted by the treasurer, prior to January 1, 1932, when this appellee became his surety. It is the law of pleading that each alternative must show a right of action. Atlantic Coast Line Railroad Co. v. Woolfolk, 178 Ala. 190, 59 So. 633; Lacy v. Fowler et al., 206 Ala. 679, 91 So. 593; Shannon et al. v. Long, 180 Ala. 128, 60 So. 273.

We are not of opinion that the second alternative is subject to the objection, but the third, which we have italicized, is. It has long been settled that "the surety of a County Treasurer, on his official bond, is bound for the monies of the county in the hands of the Treasurer, at the time of the execution of the bond, although a previous bond then existed with different sureties. But if the money had been wasted by the Treasurer, or appropriated to his own use, before the execution of the last bond, the sureties on the first bond would alone be responsible." Townsend & Gordon v. Everett, 4 Ala. 607; National Surety Co. v. State et al., 219 Ala. 609, 123 So. 202; McPhillips et al. v. McGrath et al., 117 Ala. 549, 23 So. 721; Lewis v. Lee County, 73 Ala. 148; Moore v. Madison County, 38 Ala. 670; Dumas & Co. v. Patterson et al., 9 Ala. 484; Governor v. Robbins et al., 7 Ala. 79; Matthews et al. v. Mauldin et al., 142 Ala. 434, 38 So. 849, 4 Ann. Cas. 344; Searcy et al. v. Cullman County, 196 Ala. 287, 71 So. 664.

The averment, that "the Bank of Carrollton was not, during December 1930, nor any part of the years 1931 and 1932, a designated depository *for the State of Alabama*," is not subject to the objection that it was a mere conclusion of the pleaders, but we are not able to see its relevancy to the liability of the county treasurer and the sureties on his official bonds. Article 2, chapter 17, of the Code, relating to county funds, deals with and authorizes "county depositories in lieu of county treasurers." Code 1923, §§ 312–324.

194

■ The thirteenth 'and fourteenth grounds of demurrer refer to and question the sufficiency of the averments in paragraph 11 of the bill, as showing "a devastavit or conversion" by the county treasurer resulting from a deposit of the county funds in the bank. In the bill before us, there is no paragraph 11, and, of course, this renders the grounds of demurrer inapt. The demurrant seems to have had in mind the last part of paragraph 10 of the bill, which embodied averments of the pleaders' conclusion. However; facts alleged in connection therewith support the conclusion, and, while the legal conclusion stated adds nothing to the force of the averments, they are harmless. · National Surety Co. v. State et al., supra; Alabama Power Co. v. Emens, 228 Ala. 466, 153 So. 729.

■■ The averments of the bill, the truth of which is admitted by the demurrer, show a conversion on the part of the treasurer of the county's funds, and a liability therefor on the part of the defendant Johnson and the sureties on his bonds, which they have failed to satisfy. Therefore, as between the county of Pickens and the National Surety Company, it is not material whether the securities held by the First National Bank were placed with it to indemnify Johnson as treasurer, or the appellee as his surety, or the county, the county's right to impound these securities and have them applied to the liability seems to be clear (Daniel v. Hunt et al., 77 Ala. 567; Smith et al. v. Gillam et al., 80 Ala. 296; Harlan County v. Whitney, 65 Neb. 105, 90 N. W. 993, 101 Am. St. Rep. 610; Johnson v. Martin et al., 83 Wash. 364, 145 P. 429, L. R. A. 1916C, 1057, and notes pages 1062, 1075; 50 C. J. 227, § 370); certainly in the absence of any claims of other creditors of the Bank of Carrollton.

■ The application of the securities to the claim of the complainants, of course, would inure to the benefit of Johnson and his sureties in reduction of their liability, unless such application was intercepted by others who might have superior equities.

For the reason first above noted, the third ground of the demurrer was well sustained. All other grounds are not well taken and are overruled. Pickens County et al. v. J. H. Williams, as Superintendent of Banks, etc., post, p. 250, 156 So. 548.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.