# Seals as Ex. *v.* Rogers, *et al.*

### *Bill to Redeem From Mortgage Sale.*

(Decided June 1, 1911. 55 South. 417.)

*Mortgages; Redemption; Statutory Provisions.*—Prior to the passage of the Code of 1907, one filing a bill under the statutes to redeem real estate sold under a mortgage was required to deposit in court the amount necessary to redeem at the time of the filing of the bill, and to offer to abide by the decision of the court, and the right of a purchaser at the mortgage sale to demand this de-

posit and offer was a substantial one, and hence, under section 10, Code 1907, a bill filed before the adoption of the present Code to redeem from mortgage sale was insufficient if not accompanied by payment and offer to abide the decision of the court.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Robert L. Seals, as executor, against Thomas M. and Benjamin A. Rogers, to redeem lands belonging to his testator from mortgage sale. Decree for respondents, and complainant appeals. Affirmed.

The case made by the bill is that complainant's testator died leaving a last will and testament naming him as executor; that prior to his testator's death he had executed five separate mortgages upon certain real estate in the city of Florence, which he described in his bill, the five mortgages aggregating the sum of $11,500; that his testator paid the interest on the same until his death, and that the mortgagee, one Perry, foreclosed the mortgages under power of sale and became the purchaser at the sale, bidding therefor the sum of $14,000; that afterwards Perry and wife conveyed the land to the present respondent for a recited consideration of $15,500; that he had made a written demand upon the vendees of the mortgagee for an itemized statement of all lawful debt, interest, cost, and damages due on said lands, and that they had failed for more than 10 days after receipt of same to furnish said itemized statement, but afterwards did mail such statement. The bill alleges that certain items in the statement are unlawful and unjust, stating the reasons therefor. It is then alleged that the improvements on the property were destroyed by fire, and that a large sum was collected by the present respondent as insurance on the property destroyed. The bill then prays for an accounting to ascertain the amount due, and to redeem upon payment of that amount. The demurrers raise

[Seals as Ex. v. Rogers, et al.]

the point that there was no offer to do equity, no tender before the bill filed, no payment of money into court, and no good and sufficient reasons shown for not doing so. The court ordered, adjudged, and decreed that the complainant be given leave to amend in term time, and the complainant made application for time to amend in vacation, which motion the court denied, and, the complainant declining to amend in term time, an order was entered dismissing his bill.

Jos. H. NATHAN, for appellant. It was not necessary that the complainant should have paid any sum into court and offered to abide the action of the court as he made the written demand and was not furnished a statement of the amount due.—Secs. 5748 and 5751, Code 1907.

GEO. P. JONES, for appellant. It was necessary that the complainant pay into court the amount due on the mortgage, and to offer to abide the decision of the court.—*Burke v. Brewer*, 133 Ala. 389; *Baker v. Birdshaw*, 132 Ala. 166. The right accrued before the passage of the last Code, and was a valuable right which was saved to respondents by section 10 of the Code of 1907.

ANDERSON, J.—Under the decisions of this court, based upon the statute as it existed prior to the adoption of the Code of 1907, it was held that a party entitled to effectuate the statutory redemption of real estate must not only show a tender of the amount required by the statute, or a good excuse for the failure, but must accompany his bill to redeem by the payment of the money into court and offer to abide the decree of the court, which is indispensable to the equity of the bill to redeem.—*Murphree v. Summerlin*, 114 Ala. 54,

21 South. 470; *Beatty v. Brown,* 101 Ala. 695, 14 South. 368; *Beebe v. Buxton,* 99 Ala. 117, 12 South. 567; *Burke v. Brewer,* 133 Ala. 389, 32 South. 602; *Baker v. Burdeshaw,* 132 Ala. 166, 21 South. 497.

The bill in the case at bar neither avers a previous tender nor the payment of the money into court, notwithstanding an itemized statement of the amount due was furnished before the bill was filed. It is true it was not furnished within 10 days after the demand, as required by section 5748 of the Code of 1907, and what effect this section and amended section 5751 may have on cases arising since the enactment of same we need not determine, as they cannot control the case at bar. The sale in question was made before the Code of 1907 went into effect, and section 5748 and the change in section 5751 first appeared in said Code. Section 10 of the Code of 1907 expressly provides that the adoption of the Code shall not affect any existing right, remedy, or defense. The purchaser at the mortgage sale and his vendee had a right to be compensated for improvements and a remedy for the requirement of a tender and the payment of the money into court as a condition precedent to the exercise of the statutory right to redeem, and which is not a mere matter of form or pleading, evidence, or amendment as is sanctioned by said section.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.