(91 South. 593)

**LACY v. FOWLER et al.  (6 Div. 165.)**

(Supreme Court of Alabama. Oct. 27, 1921. Rehearing Denied Nov. 24, 1921.)

1. **Equity** ⊜231—General demurrer to bill presenting alternative prayers will reach any demurrable defect in either alternative aspect of bill.

Where a bill to redeem land from a mortgage foreclosure sale presented two prayers for relief in the alternative, and the two aspects of the bill were founded on inconsistent states of facts, charged as true only in the alternative, a demurrer addressed to the bill as a whole will reach any demurrable defect in either alternative aspect.

2. **Mortgages** ⊜616—Complaint to redeem from a mortgage foreclosure must show defendant was purchaser at sale or his grantee.

A complaint by a mortgagee against the grantee of a purchaser at a foreclosure sale, to be allowed to redeem land from a mortgage foreclosure, alleging that two defendants jointly owned and controlled the land, was insufficient on demurrer, as failing to allege that they held it in privity with the mortgage title or as purchasers or grantees thereunder.

**3. Mortgages ☞616—Person suing to redeem from foreclosure sale must plead payment into court of redemption money previously tendered.**

Under Code 1907, § 5751, relieving a complainant, in a suit to redeem land sold under mortgage, from bringing money to pay the mortgage into court only when he does not know the amount due, and the purchaser or his grantee has failed for 10 days, after written demand, to furnish him an itemized statement of the debt and all lawful charges, as required by section 5748, an allegation in a bill for redemption that plaintiff tendered the record owner the purchase price, with 10 per ·cent. and all other lawful charges, made it necessary for him to bring the money into court, and failure to show payment into court rendered the bill demurrable.

**4. Mortgages ☞616—Bill to be allowed to redeem land from purchaser at foreclosure held to contain equity.**

A bill in a suit against grantees of a purchaser at a foreclosure sale, alleging that plaintiff had been assigned the statutory right of redemption by one of two mortgagors, tenants in common, and that the other tenant in common redeemed the land from the purchaser at a foreclosure sale, for the joint benefit of the tenants in common, and that the land was sold to subsequent grantees, who took with knowledge of plaintiff's rights, contained equity.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by S. L. Lacy against T. O. Fowler and another to redeem land from mortgage foreclosure sale. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

The mortgage was executed to complainant by O. S. Scott and Betty Scott, and foreclosed by him on May 20, 1916. His right to redeem is founded upon the allegations that, on December 4, 1917, O. S. Scott assigned to him, in writing and for a valuable consideration, the statutory right of redemption of Scott. It is further alleged that the respondents have failed to furnish complainants with an itemized statement of the debt and lawful charges claimed and demanded by him in writing, on December 11, 1917, and that he is ready, able, and willing to pay the amount ascertained by the court to be due. The respondents answered the bill, admitting that they had purchased the land at foreclosure sale, but averring that Betty Scott, as one of said mortgagors, redeemed the land from respondents by paying the full amount due prior to December 4, 1917, and that thereafter she deeded it to one A. J. Holcombe, ·for a valuable consideration, and that he, in turn, for a valuable consideration, conveyed it to respondents, who do not hold as foreclosure purchasers, but as purchasers from the owner.

On May 20, 1918, complainant amended his bill by adding, as parties respondent, said Betty Scott and A. J. Holcombe and the Great Southern Life Insurance Company, with the allegation that said Holcombe is the record owner of said land and said insurance company holds a mortgage thereon from said Holcombe, and that, on May 18, 1918, complainant did tender to said Holcombe the purchase money with 10 per cent. ·and all lawful charges, which tender was by· him refused. The insurance company filed a demurrer to the amended bill, which was sustained, and the bill was again ·amended, by striking out paragraph 3 (containing the allegation that O. S. Scott assigned his stat·utory redemption right to the complainant), and alleging that the said Betty Scott and A. J. Holcombe owned said property and that it is under their joint control; said Holcombe did within two years after foreclosure, execute a mortgage thereon to said insurance company; and that complainant has several times conferred with Scott and Holcombe to ascertain the amount due on the debt, with lawful charges, notwithstanding they failed or refused to aid him in ascertaining said amount. A demurrer was sustained to the bill,·as thus amended, and it was a third time amended by reinstating the matter in the third paragraph and repeating the allegations in the first amendment, showing a tender to Holcombe on May 18, 1918. A demurrer was again interposed by the insurance company, and the complainant finally amended the bill by setting up an alternative state of facts with the prayer for alternative relief, and that Betty Scott redeemed said land from the purchaser at foreclosure sale, which redemption was for the joint benefit of herself and her cotenant, O. S. Scott, or his grantee, this complainant, and thereafter, in July, 1917, she sold it to said T. O. Fowler, who took with full knowledge of the rights of said O. S. Scott or his assignee, to redeem or to share the benefits of redemption by his cotenant, upon payment by him of his share of the redemption money; that the said insurance company took its said mortgage from the said Holcombe as the grantee of said Fowler or of said Betty Scott, with full knowledge of the outstanding rights of said O. S. Scott or his grantee, as aforesaid; and that complainant, as the grantee of O. S. Scott, is able, ready, and willing to pay his half of said redemption money, with interest and lawful charges, and prays that, upon such payment, complainant be let into his share of the title and that said insurance company's mortgage be canceled as to complainant's half interest in the land. Demurrers were sustained to this aspect of the bill, and complainant appeals.

A. Latady, of Birmingham, for appellant.

The amendments relate back and take effect as of the filing of the original bill. 205

Ala. 96, 87 South. 165. The demurrer was general, and should have been overruled. 204 Ala. 336, 85 South. 768; 204 Ala. 269, 85 South. 386; 204 Ala. 108, 85 South. 382, 10 A. L. R. 1589; 204 Ala. 636, 87 South. 105. The respondents were all chargeable with notice. 205 Ala. 96, 87 South. 165.

Erle Pettus, of Birmingham, for appellees.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] The bill of complaint, as last amended, presents two prayers for relief in the alternative, the two aspects of the bill being founded on inconsistent states of facts, charged as true only in the alternative. As to such bills, it has been held that "each alternative must show a right of action." A. C. L. R. Co. v. Woolfolk, 178 Ala. 190, 59 South. 633. And, there being no positive affirmation of the truth of either set of facts, any demurrable defect in either alternative aspect may be properly reached by a demurrer addressed to the bill as a whole.

In this view, without passing upon the sufficiency of the bill in its second aspect, the trial court sustained the demurrer to the bill as last amended, on the ground that, as to its first alternative aspect, the allegations of fact were insufficient. We think the ruling of the court was free from error.

[2] A bill for statutory redemption from a purchaser at mortgage foreclosure sale, or his grantee, must show that the respondent is such a purchaser or grantee, in privity with the mortgage title; and also it must show a payment into court of the redemption money previously tendered. The allegation that the respondents Betty Scott and A. J. Holcombe jointly own and control the property does not show that they hold it in privity with the mortgage, as purchasers or grantees thereunder.

[3] And the allegation that complainant tendered to said Holcombe the purchase money with 10 per cent., and all other lawful charges, imposes upon complainant the duty of bringing the money into court as a prerequisite to redemptive relief. The statute (Code, § 5751) relieves a complainant of that duty only when he does not know the amount that is due, and the purchaser or his grantee has failed, for 10 days after written demand, to furnish him with an itemized statement of the debt and all lawful charges, as required by section 5748. In each of these particulars, the bill, in its alternative aspect for redemption, was clearly defective, and the defects were pointed out by apt grounds of demurrer.

[4] It is not improper to add that, as to its second alternative, that is, as a bill by a tenant in common to enforce his rights as a constructive coredemptioner, the bill clearly contains equity. But, under the present structure of the bill, the independent merit of that aspect cannot be considered or given effect.

The decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.