(113 So. 31)

### FOERSTER v. SWIFT. (1 Div. 432.)

Supreme Court of Alabama.   May 19, 1927.

1. **Mortgages ☞605—Redemptioner demanding statement of charges less than ten days before filing bill held not excused under statute from making tender (Code 1923, §§ 10140, 10144).**

Redemptioner, claiming right of statutory redemption under Code 1923, § 10140, of lands sold under mortgage, not having demanded statement of charges under section 10144 until day before filing bill to redeem, too late for purchaser to have 10 days allowed therein for compliance, cannot claim benefit of statute dispensing with necessity of tender.

2. **Mortgages ☞616—Bill, not averring tender or that redemptioner by due diligence could not have ascertained charges due, held demurrable (Code 1923, §§ 10140, 10144).**

Bill seeking right of redemption under Code 1923, §§ 10140, 10144, of lands sold under mortgage, which did not aver tender, or that redemptioner, by exercise of due diligence, could not have ascertained amount necessary for redemption, *held* demurrable.

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Bill in equity to redeem lands sold under mortgage by Charlotte H. Swift against William Foerster. From a decree overruling demurrer to the bill, respondent appeals. Reversed and remanded.

The fourth paragraph of the amended bill is as follows:

"A written demand was made upon said Foerster as the present claimant or vendee of the purchaser on February 5, 1926, for a statement in writing of the debt and all lawful charges claimed by him, and said Foerster then and there failed to comply with said demand, and declined to do so until he might see his lawyer, and since then has not informed oratrix, and oratrix does not know, the lawful amount due to redeem from said mortgage sale, and was unable to make a tender to respondent, but is now ready, willing, and able, and hereby offers, to pay whatever amount may be found to be lawfully due, and submits herself to the jurisdiction of this court, and agrees to do whatever this court may require to be done, in order to redeem said property from said foreclosure sale; that no written demand was ever made upon oratrix for the possession of said property or any part thereof."

The tenth and eleventh grounds of demurrer to the amended bill are as follows:

"(10) Because complainant fails to aver that he is ready, willing, and able to pay the debt, interest, and lawful charges.

"(11) Because said bill fails to allege that the complainant could not have ascertained the amount of the lawful charges without the aid of a court of equity."

F. W. Herrmann, of Mobile, for appellant.

The widow's statutory right must be perfected by steps outside of litigation, and litigation may be resorted to only when such a right is improperly denied on being properly perfected by such steps as the statute provides.   Francis v. White, 160 Ala. 523, 49 So. 334.   The bill should set up some valid excuse or reason why she did not wait the statutory time for compliance with complainant's demand and that respondent unconditionally refused within the time limited or else failed after its expiration to comply with her demand.   Lacy v. Fowler, 206 Ala. 679, 91 So. 593.   Complainant is in the attitude of resorting to equity without proper excuse or reason for so doing.   Johnson v. Williams, 212 Ala. 319, 102 So. 527.   She has no right to implead respondent without first having made payment or proper tender; she showing no fault on respondent's part nor equitable ground for impleading him.   Wittmeier v. Cranford, 199 Ala. 1, 73 So. 981; Lacy v. Fowler, supra.

J. Gaillard Hamilton, of Mobile, for appellee.

No tender of lawful charges is necessary by a person entitled to statutory redemption from foreclosure, where the person from whom redemption is sought has failed or declined to comply with written demand, and when redemptioner does not know or cannot ascertain otherwise the lawful amount necessary to redeem, and therefore unable to make tender, and avers in bill filed readiness, willingness, and ability of redemptioner, and offers to pay the amount found to be due and to do what may be required to be done. Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Francis v. White, 160 Ala. 523, 49 So. 334; Johnson v. Davis, 180 Ala. 143, 60 So. 799. The redemptioner is not required to tender such charges, less than the whole, as can be ascertained. Slaughter v. Webb, supra. The right to redeem must ordinarily be exercised within two years. Code 1923, § 10140. Section 10144, authorizing written demand by redemptioner, and requiring the purchaser or his vendee to comply within 10 days, is intended for the benefit of the redemptioner, not to operate to his disadvantage by cutting off his right otherwise to file a bill to redeem without tender.

GARDNER, J.   One I. B. Swift executed a mortgage on certain real estate in Baldwin county, Ala., which was duly foreclosed on February 7, 1924, by the State Bank of Foley, assignee thereof, the said bank becoming the purchaser, and subsequently, on March 10, 1924, conveying its interest in said land to William Foerster. Complainant, as the widow of said mortgagor, filed this bill on February 6, 1926, against said Foerster, seeking the ex-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ercise of the statutory right of redemption. Section 10140, Code of 1923. The appeal is by the respondent from a decree overruling his demurrer to the bill as amended.

It is not alleged in the bill there was any tender made to respondent, nor is there a payment of any sum into court. Francis v. White, 160 Ala. 523, 49 So. 334; Lacy v. Fowler, 206 Ala. 679, 91 So. 593; Lewis v. McBride, 176 Ala. 134, 57 So. 705; Seals v. Rogers, 172 Ala. 651, 55 So. 417; Johnson v. Williams, 212 Ala. 319, 102 So. 527.

[1] In paragraph 4 of the amended bill are found the allegations upon which complainant rests as an excuse for a failure to make such tender. It thus appears complainant places some reliance upon section 10144 of the Code of 1923, in that she avers written demand was made upon respondent for a statement in writing of the debt and lawful charges claimed, but this demand was made just one day previous to the filing of the bill, while the above-cited statute gave respondent a period of ten days within which to comply therewith. True, complainant was forced to file the bill at that time to come within the statutory period of two years, but the above-noted section was adopted primarily for the benefit of the redemptioner, and, if he delays to make the demand as therein authorized for a statement until too late for the purchaser or his vendee to have the benefit of the ten-day period allowed by the statute for a compliance, then he can claim no benefit thereunder. Any hardship resulting from a loss of the privileges therein bestowed is the result of his own lack of diligence.

[2] But it is insisted the bill is sufficient without regard to the foregoing statute, in that the averments thereof suffice as an excuse for a failure to make the tender. We do not construe these allegations as disclosing an absolute refusal on respondent's part to give a statement, but only a postponement of the matter until he could see his attorney and ascertain his rights and obligations. While it is averred that complainant did not know the amount necessary for redemption, yet there is no allegation that by the exercise of due diligence she could not have ascertained the same. "If the debtor knows the exact amount which he must pay or tender, or if by the exercise of due diligence he can ascertain it without the aid of the court, then his bill for this purpose would be without equity." Francis v. White, supra.

The authorities relied upon by counsel for appellee (among them Slaughter v. Webb, 205 Ala. 334, 87 So. 854) are to like effect. Respondent was the vendee of the purchaser at the foreclosure sale. His declination to furnish a statement until consultation with his attorney and complainant's ignorance of the sum necessary for redemption would not suffice, if by due diligence complainant could have ascertained the same. For aught ap-

pearing in the bill, the amount may have been readily ascertainable by the exercise of due diligence. The tenth and eleventh assignments of demurrer sufficiently point out this defect in the bill, and should have been sustained.

For the error indicated, the decree will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.