(114 So. 52)

## HOPSON v. ELLER. (6 Div. 839.)

Supreme Court of Alabama. Oct. 13, 1927.

1. Compromise and settlement ⊜⇒15(2)—Purchaser on execution sale contracting to accept certain sum in redemption thereby waived other rights to obtain possession.

Where, upon the sale of land under an execution and purchase thereof by the judgment creditor, latter offered, before getting possession, to accept a certain sum in redemption, which offer was accepted, *held,* that he had thereby waived all other rights of action to obtain possession of the property.

2. Accord and satisfaction ⊜⇒17—Compromise and settlement ⊜⇒15(2)—Judgment debtor's grantee was not required to deliver possession to purchaser under execution sale, where latter had reached accord with debtor relative to redemption; "accord" (Code 1923, § 5640 et seq., and § 10141).

Judgment debtor's grantee, entitled to redeem land from execution by virtue of Code 1923, § 10141, was not required to deliver possession of land to execution purchaser where latter had compromised and agreed to accept from the judgment debtor a certain sum in redemption and in settlement of an ejectment suit; the agreement being an "accord," within the meaning of section 5640 et seq.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accord.]

3. Execution ⊜⇒297, 301—One against whom redemption is sought, without suit, claiming more than allowed, waives tender, and debtor may proceed in equity to effectuate accounting and redemption under law.

Where one against whom redemption is sought agrees to permit redemption without suit, yet claims more than is permitted by law, or insists upon the inclusion as debt and lawful charges and *other considerations not within the law* and the facts, this is a waiver in court of equity of the failure of the other party theretofore in the premises as to tender, etc., and resort may be had to equity to effectuate accounting and redemption under law.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Bill in equity by Sarah E. Eller against James T. Hopson for redemption. Decree for complainant, and respondent appeals. Affirmed.

James Kay, of Oneonta, for appellant.

There is no equity in the bill. For the wife to redeem the lands, the husband must have been the holder of the legal title at the time of judicial sale. There is no privity of title between husband and wife in lands owned by the living husband. Code 1923, § 10140; Thomas v. Blair, 208 Ala. 48, 93 So. 704. By failing to surrender possession on demand, the wife forfeited her statutory right to redeem. Code 1923, § 10145; Mortgage Co. v. Lewis, 193 Ala. 226, 68 So. 1012; Narrell v. Mercantile Co., 185 Ala. 141, 64 So. 305; Farley v. Nagle, 119 Ala. 622, 24 So. 567. Written demand on C. M. Eller, the vendor, was sufficient to bind him and all who held in privity with him. Hutchison v. Flowers, 175 Ala. 651, 57 So. 719. The alleged oral agreement by appellee and McPherson, as appellant's agent, was void. Code 1923, § 8034.

Nash & Fendley, of Oneonta, for appellee.

WEAVER v. STATE 557
(216 Ala.)

· ·The authorized agent of appellant accepted $300 as full settlement in this case. This was a complete accord and satisfaction, and should be enforced. Code 1923, §§ 5640–5643. Appellant, by agreeing to permit redemption, but claiming a greater amount than lawful charges, waived failure to give possession of the land.

THOMAS, J. Appellant sued in the circuit court, in January, 1924, appellee's husband and one Gibson, and recovered a judgment for $295.43 and costs. Execution issued thereon was levied upon appellee's lands, and made the subject of this suit, and bought in by plaintiff in judgment for $100.

[1] These lands had been theretofore sold and conveyed by the husband to the wife, and as owner she had the actual possession of the same. Appellant brought ejectment for possession against the husband, and there was no demand on complainant for the possession. The sheriff was advised and instructed by the parties to compromise the suit for $300, which was complied with by the defendant in judgment, and plaintiff failed or refused to comply. with the agreement of compromise and accept the $300 collected by McPherson as his agent in the matter, prosecuted the ejectment to judgment, and the possession was surrendered by complainant, filing this bill and depositing in court the $300 for redemption and averring ability and willingness to pay whatever sum that is found due and required for redemption. His offer to accept the $300 in redemption was a waiver of other action in the premises than that taken by her and shown in her bill and evidence.

[2] As the vendee of the debtor, the complainant was entitled to redeem the lands. Section 10141, Code 1923. And it was not necessary for her to deliver the possession when Hopson, through his authorized agent, McPherson, had compromised or authorized the compromise of the original debt and judgment at law and the pending suit in ejectment, before any notice was served upon appellee, and before she was made a party defendant in ejectment. This·was sufficient to excuse her for not surrendering the possession of the lands. The accord when executed or satisfied should be given effect in equity, as was done by the decree appealed from, of a release of all claims, right, and title to the lands. Under the judgment and execution this is in accord with the intention of the parties, as indicated by the evidence. Section 5640 et seq., Code 1923; ·Arnold· & Co. v. Gibson (Ala. Sup.) 113 So. 25.¹ And appellee was excused from further action on her part or surrender of the possession other than she did after judgment against ·her in ejectment. The original demand for possession was not upon complainant; she

was shown to be in possession under a prior conveyance. Hutchison v. Flowers, 175. Ala. 651, 57 So. 719. When there was judgment in ejectment against her, she duly surrendered the possession without demand.

[3] We may observe that when one against whom redemption is sought agrees to permit redemption without suit, yet claims more than is permitted by law or insists upon the inclusion as debt and lawful charges and other considerations not within the law and the facts, this is a waiver in a court of equity of the failure of the other party theretofore in the premises as to tender, etc., and resort may be had to equity to effectuate accounting and redemption under the law. Johnson v. Williams,·212 Ala. 319, 102 So. 527.

We have examined the record and are convinced that the original and cross-examinations of the witnesses and the other evidence, on which the submission was had, supported the decree within·the pleadings.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

