155 So. 587

**GOODWIN et al. v. DONOHUE et al.**

**8 Div. 590.**

Supreme Court of Alabama.

June 14, 1934.

Street & Bradford, of Guntersville, for appellants.

P. W. Shumate, of Guntersville, for appellees.

KNIGHT, Justice.

Bill by complainants, appellees here, to enforce statutory right of redemption.

It is made to appear from the averments of the bill that Julia Donohue, Doshia Donohue, Catherine (Donohue) Rutherford, along with Sallie Donohue, who is now dead, executed and delivered to Margaret Nettles a mortgage on the land sought to be redeemed, and which is fully described in the bill, to secure an indebtedness of $600. This mortgage was exe-

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

cuted on December 1, 1921. The bill does not show the maturity date of the instrument.

Thereafter, on April 2, 1926, the same parties, with the exception of Sallie Donohue, who was then dead, made and executed a mortgage on the same land to Mrs. Dona Leach to secure "her for the amount of money that was due at that time and which she paid to the said Margaret Nettles for the transfer of said note and mortgage to her." It appears that the indebtedness was not paid at the time the mortgages were foreclosed, but remained valid liens on the property.

The bill avers that the lands were sold under the decree of the circuit court of Marshall county to "satisfy the amount due under the mortgages on the 6th day of February, 1932, to C. A. Goodwin and Company, at and for the sum of six hundred and no/100" (dollars).

Thereafter the said Goodwin & Co. sold and conveyed the lands to W. A. Artis, one of the appellants, for the sum of $1250.

It is further averred in the bill that complainants gave possession of the land to said C. A. Goodwin and Company on the day of the sale, or shortly thereafter; that the said W. A. Artis is in possession of the land, "and has cut, sold and removed and disposed of a large amount of valuable timber since he has had possession of said lands, said timber being saw stock, board trees and other trees of value."

Paragraph 9 of the bill appears in the report of the case.

The prayer of the bill is that the complainants be let in to redeem the lands; and that it be referred to the register to ascertain and report to the court what is justly due and unpaid on said mortgages after allowing all credits due complainants for and on account of the rents and profits and for such timber that has been cut, sold, or in any way disposed of by the said W. A. Artis from the lands involved in the suit. The complainants aver their readiness and willingness to pay into the court the amount that may be ascertained "to be due to redeem said lands from said sale."

■ Construing the bill most strongly against the pleader, as we must do, it is essentially a bill to enforce statutory redemption, for it appears that the two mortgages were duly foreclosed under a decree of the circuit court, in equity; that at the sale under said decree C. A. Goodwin & Co. became the purchaser of the property; that possession of the premises was surrendered to said purchaser, and thereafter said Goodwin & Co. sold and conveyed the property to Artis.

■ Upon foreclosure of a mortgage, whether under a decree of a court of competent jurisdiction or under the power of sale in the mortgage, the equity of redemption of the mortgagor is extinguished, leaving thereafter in him only the statutory right of redemption, which the mortgagor may assert by complying with the requirements of statutes conferring such right.

■ The bill does not aver that payment, or any tender of the purchase price, the interest thereon, and all other lawful charges, as required by the statute, section 10145 (Code 1923), were made to the purchaser or his vendee prior to the filing of the bill, nor does the bill show any sufficient excuse for the failure to do so. Such tender, in the absence of an averment showing sufficient excuse for not making it, accompanied with the payment of the amount tendered into court, is essential to the maintenance of a bill to enforce the statutory right of redemption. Murphree v. Summerlin, 114 Ala. 54, 21 So. 470; Lewis v. McBride et al., 176 Ala. 134, 57 So. 705; Francis et al. v. White, Adm'r, 142 Ala. 590, 39 So. 174; Foerster v. Swift, 216 Ala. 228, 113 So. 31; Lacy v. Fowler et al., 206 Ala. 679, 91 So. 593; Francis et al. v. White, 160 Ala. 523, 49 So. 334; Seals v. Rogers, 172 Ala. 651, 55 So. 417.

It results, therefore, that the complainants' bill was defective, and subject to the demurrer pointing out the defect, in not averring that a tender of the purchase price, the interest allowed thereon by statute, and all other lawful charges were made to the purchaser before bill filed, and the deposit of the tender money in court; no sufficient excuse being averred for the failure to make such tender. The court, therefore, erred in overruling the demurrer taking this point.

■ Artis, being the vendee of the purchaser of the lands at the foreclosure sale, and in possession under his purchase at the time it is alleged he cut, sold, or otherwise disposed of timber upon the lands, must be regarded as the owner of the property, and he would not be liable to account to the complainants for the value of such timber, as for waste, nor would he be liable to account to complainants for rents for use of the land, or for any profits received by him therefrom.

■ It is well settled that one in possession of land, as purchaser at a mortgage sale, duly and legally made in compliance with the terms of the mortgage, is not chargeable with rent or for waste. Such an one is not a mortgagee in possession, but a purchaser, the absolute owner of the premises, entitled to enjoy

the rents and profits, and unimpeachable for waste. Comer v. Watson, 73 Ala. 127; Johnson v. Davis et al., 180 Ala. 143, 60 So. 799; Smith v. Stringer, 220 Ala. 353, 125 So. 226.

██ However, the purchaser, or his vendee, may become liable to account for rents accruing, or for waste committed or suffered, after an offer to redeem, accompanied by a tender, has been made, but the averments of the bill do not present such a case.

If the bill, on remandment, is amended, in making the amendment consideration should be given to the sufficiency of the averments with respect to the surrender of possession to the purchaser. We are not sure the averments in this respect are sufficient to meet the rule of our decisions on that point.

We also fail to understand just why Mollie Williams appears as a party complainant. The bill fails to show what, if any, interest she has in the proceedings, as it affirmatively appears that she was not a party to the mortgages.

For the error committed in overruling the respondents' demurrer to the bill, the cause must be reversed, and a decree will be here entered sustaining the demurrer and remanding the cause.

The complainants are allowed twenty days from this date within which to amend their bill, if they are so advised, with power in the court below to extend the time for good cause shown to the court.

Reversed, rendered, and remanded.

ANDERSON, C. J., THOMAS and BROWN, JJ., concur.