165 So. 227

**HUDSON et al. v. MORTON.**

6 Div. 855.

Supreme Court of Alabama.

Jan. 16, 1936.

St. John & St. John, of Cullman, and J. T. Johnson, of Oneonta, for appellants.

P. A. Nash, of Oneonta, and John W. Brown, of Boaz, for appellee.

GARDNER, Justice.

The appeal is from a decree overruling demurrer to the bill, which is one for the exercise of the statutory right of redemption.

■ The mortgagor died prior to the foreclosure sale, and complainant seeks the right of redemption as a child of said mortgagor. Clearly the bill makes out a prima facie right in complainant under the statute (section 10140, Code 1923) to exercise this right, and if there be any reason to the contrary it would be matter in defense. Francis v. White, 142 Ala. 590, 39 So. 174; Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719.

■ Of course, as often stated, this statutory right of redemption can only be exercised by those named in the statute, in the mode, within the time, and upon the conditions therein prescribed. Snow v. Montesano Land Co., supra. And proper tender of the amount due (section 10145, Code, 1923), unless excused, is one of the conditions. Seals v. Rogers, 172 Ala. 651, 55 So. 417.

A number of our cases disclosing excuses for failure to make tender before filing the bill are found noted in 20 Alabama and Southern Digest, Mortgages, ☞605. Among them is Dorrough v. Barnett, 216 Ala. 599, 114 So. 198, where it is stated that nonresidence is good ground for failure to make tender in advance, but that ordinarily, when this is the sole ground of resort to equity, the money must be brought into and tendered through the court.

■ Though the present bill discloses complainant did not know the exact amount required, yet under its averments a sum more than sufficient for redemption was paid into court upon the filing of the bill, thus emphasizing her willingness and ability to effectuate the redemption. Toney v. Chenault, 204 Ala. 329, 85 So. 742; Beatty v. Brown, 101 Ala. 695, 14 So. 368.

As to the matter of excuse, the bill shows complainant, on January 29, 1935, through her attorney, advised defendant O. S. Hudson of her intention to redeem from said foreclosure sale, and arrangements were made with him for a meeting at Oneonta the next day for acceptance of the money and execution of the deed, or failing to meet the appointment to so inform said attorney on the morning of that day; that Hudson failed or refused to meet complainant or her duly authorized agent at Oneonta as agreed, and for the purpose stated; and that her agent went to Oneonta with sufficient funds to effectuate the redemption. It further appears that complainant's agent, finding Hudson was not at Oneonta, then went to his home on the same day, but he was not there and could not be located. And on February 1, 1935, the last day for redemption, complainant's agent and attorney went again to Hudson's home with the money to pay for the redemption, but he was not to be found; the information being given that he was in Oneonta. The attorney went again to Oneonta, but Hudson could not then be located, and on that day the attorney filed this bill and paid into court the sum of $3,500, an amount more than sufficient for redemption, but with an offer to pay whatever sum the court might ascertain to be due for such redemption purpose. The bill charges that said Hudson is secreting himself and avoiding a tender for the purpose of defeating a redemption of the land, and the facts alleged, prima facie at least, justify such conclusion.

■ Certainly a tender may be excused where it is prevented by the act of the party to whom it is due. 42 C.J. 406. Absence from the state is a sufficient excuse under our decisions, and with equal force should secreting one's self serve the same purpose.

It is not a question of the amount due and a lack of diligence in that regard, as was the case in Foerster v. Swift, 216 Ala. 228, 113 So. 31, cited by appellant. Nor is it a matter of demand for a statement of the debt and lawful charges, involved in that authority.

Here complainant had in hand funds sufficient for the redemption, and made every reasonable effort to make the tender and procure the deed, but without avail by reason of Hudson's avoidance of any meeting that the previous agreement might be effectuated.

If the question of amount to be paid was the matter of serious controversy (and there is nothing in the bill to so indicate), then, perhaps, under Foerster v. Swift, supra, complainant had waited too late to receive the benefit of the statute (section 10144, Code 1923) relating to a demand for statement of charges, and due diligence to ascertain the amount must be made to appear to excuse the tender. But that is not the case. Complainant, in ample time to serve the purpose, had an agreement to meet defendant Hudson for the effectuation of the redemption, and our statute contemplates the perfection of the

394

redemption out of court. Francis v. White, 160 Ala. 523, 49 So. 334, 335. And it is made to appear that said Hudson not only would not meet the engagement, but made himself difficult, if not impossible, to find, though complainant exerted every reasonable effort in that direction.

"The rights and duties of the debtor, creditor, or purchaser under the statute are reciprocal. The purchaser cannot, by his mere failure or refusal to perform the duties imposed upon him by the statute or by inaction, prevent the debtor from performing his, and thus cause the debtor to lose his statutory right of redemption." Francis v. White, supra. But we forego further discussion.

The bill discloses sufficient excuse for a failure to make tender in advance. And by amendment it is charged that defendant Hudson informed complainant's attorney that he would accept the money but would decline to execute a redemption deed for the lands. Our statute (section 10146, Code 1923) contemplates the execution of such a deed upon payment of the proper amount, and the purpose of redemption is to reinvest the redemptioner with the legal title. Morrison v. Formby, 191 Ala. 104, 67 So. 668. Defendant Hudson, therefore, had no right to attach such condition to the redemption, and his action in this regard would relieve complainant of making a tender in advance. Toney v. Chenault, supra.

Viewed in either aspect, therefore, we are at the conclusion the bill was not subject to the demurrer interposed, and the decree of the chancellor will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.