171 So. 738

### LONG et al. v. KING.

#### 4 Div. 914.

Supreme Court of Alabama.

Dec. 17, 1936.

Rehearing Denied Jan. 21, 1937.

Chauncey Sparks, of Eufaula, for appellee.

McDowell & McDowell, of Eufaula, for appellants.

GARDNER, Justice.

The due foreclosure of the mortgage of James H. Long, Jr., and wife to the Atlanta Joint Stock Land Bank effectually cut off the equity of redemption of the mortgagor, and left only the statutory right of redemption to be exercised by those named in the statute (section 10140, Code 1923) in the mode, and within the time, and upon the conditions therein prescribed. Hudson v. Morton, 231 Ala. 392, 165 So. 227; Denson v. Provident Mutual Life Ins. Co., 231 Ala. 574, 166 So. 33.

■ Complainant to the bill in this cause was a junior mortgagee, and, as such, was authorized to exercise the statutory right of redemption. But his right thereto was influenced as to priority by section 10141, Code 1923, wherein is the provision that "where no redemption is made as provided in this section within twelve months from the day of sale, any one entitled to redeem may do so thereafter without giving the notice provided for herein, and the property may not be again redeemed from said redemption."

Under the agreed facts, there was no redemption within the twelve months from the date of the foreclosure sale. By virtue, therefore, of the above-quoted statutory provision, complainant lost his priority right, and it became a matter of race of diligence among those entitled to redeem.

The statute, which alone gives the right and its proper definition (Allison v. Cody, 206 Ala. 88, 89 So. 238), has so prescribed in what appears to our minds to be plain and unambiguous language. Indeed, such in effect was its interpretation in Hayden v. Smith, 216 Ala. 428, 113 So. 293, 294, where the court observed: "Under the redemption statutes as now amended in the Code of 1923 (sections 10140, 10141), priority of right to redeem is given to the mortgagor for 12 months after the sale, which can be defeated only by his inaction for 60 days after notice from any other person entitled to redeem of his intention to do so."

■ The above-noted section and the one succeeding (section 10142, Code 1923) are new to the Code of 1923, and adopted at the same time. They should be construed in pari materia, and, so considered, we find no difficulty in harmonizing the two. The latter section was evidently intended as corrective of the rule announced in Francis v. Sheats, 153 Ala. 468, 45 So. 241, 127 Am.St.Rep. 61, that a redemption by a junior mortgagee, under a foreclosure by a senior mortgagee, vested in him an indefeasible legal title, and to grant to a limited number of persons ("the debtor's wife, widow, children, heirs or devisees") the right of redemption from such junior mortgagee or judgment creditor who had redeemed from a prior mortgagee or judgment creditor. And it was for the protection of those designated persons, closely connected with the debtor and his estate, that this statute was in-

serted. The concluding clause, therefore, of section 10141 must be read in the light of the succeeding Code section, which must be considered as providing an exception in favor of those designated therein as against a redeeming junior mortgagee.

■ But so construed, this does not in any manner affect the provision of section 10141 as to priority of right of redemption and the necessity for the exercise thereof within the twelve months therein designated, if such priority is to be preserved. As the right of redemption is a privilege conferred by the lawmaking body, clearly the same authority had the right to fix priorities in relation thereto, and no sound reason is advanced for declaring such a statute invalid. It has been approvingly cited in several cases, among them: Stringer v. Kelly, 212 Ala. 565, 103 So. 650; Hopson v. Eller, 216 Ala. 556, 114 So. 52; Hayden v. Smith, 216 Ala. 428, 113 So. 293; Malone v. Nelson, 232 Ala. 243, 167 So. 714.

■ Sections 10148–10152 are without influence on the instant case, and are not necessary for consideration here. Nor is there merit in the suggestion that these statutes are inapplicable because not in existence when the senior mortgage was executed. They were in full force and effect when complainant, the junior mortgagee, took his mortgage (December, 1931), and that is therefore a matter as to which he can make no complaint, and its consideration may here well be pretermitted. Cowley v. Shields, 180 Ala. 48; 60 So. 267.

■ Complainant's prior right having been lost by his inaction within the twelve-month period, defendant Knox S. Long, a child of the mortgagor, proceeded to effectuate this statutory right of redemption, and in December, 1935, received a conveyance to the property from the first mortgagee and purchaser at the foreclosure sale.

The writer concurred with the dissenting views of Mr. Justice Brown in Malone v. Nelson, 232 Ala. 243, 167 So. 714, to the effect that the word "child," as used in section 10140, Code 1923, was properly to be interpreted as meaning a child with some character of interest in the property. But the majority of the court ruled otherwise, and that question is therefore set at rest, and considered here as concluded.

Defendant Knox S. Long, therefore, was within his statutory rights in effecting the redemption of the property, and is entitled to the protection of the statute (section 10141, supra) against any further redemption.

■ Due consideration has been given to the suggestion that defendant Knox Long was merely a purchaser after a foreclosure sale, and not a redemptioner. But the facts and circumstances, we think, sufficiently refute the suggestion. There is no particular method of effectuating a redemption as between the parties, and the statute in fact contemplates a settlement of the matter out of court. Francis v. White, 160 Ala. 523, 49 So. 334; Hudson v. Morton, supra.

■ The parties agreeing upon the sum to be paid contemplate, of course, the execution of a deed to the redemptioner (Hudson v. Morton, supra) for the very purpose of the redemption is the reacquisition of the legal title. It is a transaction "through which the mortgagor, or one claiming in his right, by means of a payment or the performance of a condition, reacquires or buys back the title which may have passed under the mortgage." 42 Corpus Juris 341. No necessity existed for the deed to Knox Long to recite the matter of redemption. By analogy the case of Young v. Sheldon, Adm'r, 139 Ala. 444, 36 So. 27, 101 Am.St.Rep. 44, is authority to this effect, as it was there held that an intention to exercise a power of sale need not be recited in the deed, but it is sufficient that it shall appear by words, acts, or deeds demonstrating the intention.

■ Defendant Knox Long was the child of the mortgagor, and, as such, entitled to redeem. He received a deed from the mortgagee, purchaser at its own foreclosure sale, and paid to said mortgagee the debt owing by his father at the time of foreclosure with interest thereon to date of purchase, together with the amount advanced by the mortgagee subsequent to foreclosure, such as taxes and insurance with interest.

As to taxes paid or assessed, they are provided for by the statute (section 10145, Code; Malone v. Nelson, supra), though perhaps the item of insurance (Richardson v. Dunn, 79 Ala. 167), and subsequent attorney's fees, would not be so included (Johnson v. Williams, 212 Ala. 319, 102 So. 527; Snow v. Montesano Land Co., 206 Ala. 310, 89 So. 719), though finding some support in good morals. They are comparatively small items, and if there were calculations of interest that favored the mortgagee purchaser, all of such items combined might well impress a reasonable mind that they were not of sufficient importance to authorize or justify litigation.

As previously observed, the statute contemplates an effectuation of redemption by the parties out of court (Hudson v. Morton, supra; Johnson v. Williams, supra), and we think that prima facie at least the facts and circumstances clearly indicate a purpose of the parties to effectuate the statutory right of redemption (Hamilton v. Cody, 206 Ala. 102, 89 So. 240). And the mere fact that in effectuating such purpose, and in order to reach an agreement as to the amount out of court, the party seeking to exercise the right of redemption may yield to a doubtful demand, which would not reasonably justify litigation, does not suffice to overcome such prima facie case.

■ The sum of $1,100 was paid in cash, and a mortgage on the property given for the balance due. The mere fact that the redemptioner paid only part cash with the balance secured by the mortgage was a matter that concerned the parties only, and did not affect the question of redemption. Hamilton v. Cody, supra; Dorrough v. Barnett, 216 Ala. 599, 114 So. 198.

Nor did the correspondence had between complainant and the mortgagee purchaser subsequent to the expiration of the twelve-month period, nor the tender of the check by complainant subsequent to defendant's redemption, in any manner affect his rights. The expiration of the twelve-month period with no steps taken looking to redemption left the matter open to the child of the mortgagor, defendant Knox Long, who exercised the right with no further redemption provided by statute. His title was therefore perfected, and complainant's right entirely lost. Such being the case, complainant's bill was due to be dismissed.

The decree will accordingly be here reversed, and one here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.