173 So. 844

### OTTS v. AVERY et al.
### 2 Div. 96.

Supreme Court of Alabama.
April 15, 1937.

G. E. Sledge and E. V. Otts, both of Greensboro, for appellant.

C. L. Kelly, of Greensboro, for appellees.

124

FOSTER, Justice.

This is a suit in equity by James Thomas Avery and his wife, and seeks to declare that the effect of a certain transaction is the creation of an equitable mortgage, and to enforce the equity of redemption. James Thomas Avery had received from his father a deed to the land, subject to a mortgage to Langham. Thereafter the mortgage was foreclosed, and Langham bought the land, bidding the amount of the debt. Avery then induced respondent to pay Langham an amount which was necessary to redeem the land. She did so, and took a deed from him. Avery and his wife also executed a quitclaim deed to her, and at the same time she gave him an instrument which purports to give him five years in which to redeem the land upon the payment of said exact sum and interest at 8 per cent. per annum. She also reserved the right in the growing timber, but agreed to sell it within that time and divide the proceeds equally between her and Avery to be applied on his redemption of the land. A few days later Avery and wife executed another deed to respondent, with covenants of warranty, referring to the other instruments, and reciting that its purpose is to perfect the record title in Mrs. Otts, the respondent.

The bill alleged that complainants borrowed the amount paid by Mrs. Otts to Langham, and that the title to the land was taken in her, and their deed made to her, and instruments given them by her were all intended and agreed to be as security for the loan, and were in effect and in equity a mortgage to secure it. It seeks to exercise the equity of redemption thereby secured to them.

We have held that under such circumstances, if true, a resulting trust was created in Mrs. Otts in the nature of a mortgage to secure the debt thereby created, and that it is not subject to the statute of frauds (Code 1923, § 6917). Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A.L.R. 110; Kinney v. Pollak, 223 Ala. 654, 137 So. 669; O'Rear v. O'Rear, 220 Ala. 85, 123 So. 895; Rudulph v. Burgin, 219 Ala. 461, 122 So. 432.

The distinction between those cases and Jones v. Stollenwerck, 218 Ala. 637, 119 So. 844, is that in the latter there was no element of a resulting trust. But that element did exist here, as it did in the cases first above cited.

Mrs. Otts denies that there was a loan of money. But she contends that she purchased the land and paid for it at Avery's request, and gave him an option, or mere right to repurchase, although she uses the word "redeem," but on condition not only that she shall receive the amount paid out by her and interest, but also at least one-half the value of the timber.

The bill does not seek a specific performance of that contract, though complainant Avery would have been entitled to it, on his general prayer, if he and his wife were not entitled to redeem as from a mortgage. It alleges that respondent told them that she would pay the indebtedness to Langham, and extend the period of redemption for five years; that when they signed the deed, they did not know its import, although it was read over to them, but understood it to be a form of security for the money; that she would not, however, pay the money without a reservation of certain timber rights in event the land should be redeemed. This reservation was stipulated in the instrument. The bill alleges that complainants accepted that arrangement in order to save the land from total loss, but the reservation of the timber was a bonus or further charge for the use of the money. It did not seek to be relieved from the payment of lawful interest at 8 per cent. per annum.

It therefore appears from the bill that they knew and understood when Mrs. Otts paid the money that upon a redemp-

tion, as agreed on, Mrs. Otts was to have not only the money she paid with interest, but also one-half of the value of the timber. They do not allege •that they were overreached in accepting such a contract. They besought Mrs. Otts to pay the money. It was not a case where an existing debt is claimed to have been extended. She agreed to pay the money on the condition named and expressed in an instrument which they understood, and which imposed no obligation on them. If the instrument was to be but a security for a debt which complainants agreed to pay her, for money borrowed, and therefore different from what it purports to be, the evidence to that effect must be clear and convincing to overcome the terms of the writings. Richardson v. Curlee, 231 Ala. 418, 165 So. 223. There was no promise, expressed in writing or verbally, to repay the money to Mrs. Otts.

The question is whether both parties so understood the transaction as a loan. If Mrs. Otts is not to have the benefit of her written contract, it is because she, as well as Avery, understood that she was lending the money to him, and had an enforceable promise by him on which she could recover a personal judgment, or that she misled him in that respect. If there was no such mutual agreement, he cannot recover on the strength of his understanding, in the absence of fraud or its equivalent. If, as some of the averments of the bill indicate, Mrs. Otts agreed to pay Langham, and take title to the land, and to extend to Avery the right of redemption for five years, instead of the one year which he then had, such agreement of extension could be, as it was, coupled with a condition that she shall have certain timber rights, if it is redeemed as agreed.

In this connection, it must be remembered that the right of redemption which Avery had while Langham remained the purchaser without a new contract required him, in its exercise, to pay 10 per cent. interest on the purchase price, and also the rent for its use prior to redemption, and if Langham had cut and sold the timber before redemption, Avery would have had no benefit of its value. Goodwin v. Donohue, 229 Ala. 66, 155 So. 587; Section 10145, Code. So that by the arrangement with Mrs. Otts, Avery had extended to him benefits which he did not have without it, as follows: (1) The right was extended for four years beyond what it then was; (2) upon redemption, he was required to pay 8 per cent. rather than 10 per cent. under the statute; (3) he was not required to pay both interest and rent; and (4) he was assured one-half the value of the timber, whereas he stood then to lose it all, though he might exercise the right. There was nothing unconscionable in that arrangement.

The court tried this case on testimony given in open court, but his findings do not sustain the relief decreed. The burden is on complainant to show that a debt was created by what is equivalent to a mutual agreement. But the finding is as follows: "The court is not persuaded from all the evidence in the cause that complainants knowingly and willingly agreed to repurchase the lands from respondent, but they were to have the right to redeem the lands by reimbursing the respondent the amount of money so paid by her to said B. S. Langham for the use of complainants, with the annual interest thereon, at 8 per cent. per annum at any time within five years from the date of such payment by the respondent. The court further finds that the attempted reservation of all timber rights in the timber to said B. S. Langham for the use of shown in the instrument attached as Exhibit 'F' to the bill of complaint, was in the nature of a bonus for the use of the money paid by respondent to said Langham, in addition to the legal rate of interest on said money, in violation of the usury statutes of this State, and consequently void and of no effect." (Italics supplied.)

And upon the basis of that finding the court held that the transaction created an equitable mortgage. But that is not sufficient to justify such a holding. Mrs. Otts must also have had an understanding, shared with complainants or deceived them into believing, that she was lending the money to them, and not merely extending them a right or privilege on the conditions named. When such finding is construed in the light of the allegations of the bill, it shows that the court interpreted the facts so found to constitute an equitable mortgage, not that there was any such agreement. We cannot agree with that interpretation.

Complainant James Thomas Avery may have the relief of specific performance of

the contract, marked "Complainants' Exhibit 'F,'" dated March 21, 1934 (page 53 of transcript), under section 6645, Code, if he wishes to proceed to that end. For that purpose the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.