181 So. 763

### DUNCAN v. HORNSBY et al.

#### 2 Div. 119.

Supreme Court of Alabama.

June 2, 1938.

Amzi G. Barber and Hugh Barber, both of Birmingham, for appellant.

L. S. Moore, of Centerville, for appellees.

BROWN, Justice.

The original bill was filed by the heir at law of the mortgagor, to redeem from a mortgage foreclosure sale a part of the property covered by the mortgage and the foreclosure, and as amended, the bill averred that the complainant, before the filing of the original bill, had exercised the statutory right to redeem the other property covered by the mortgage and the foreclosure thereof.

The circuit court sustained the demurrer of the defendants to the bill on the ground, among others, that the statutory right of redemption could not be exercised by piece meal, and when exercised in the redemption of part of the property this exhausted the statutory right of redemption.

This ruling was affirmed here on a former appeal. Duncan v. Hubbard et al., 234 Ala. 202, 174 So. 291.

Thereafter the complainant, without leave of the circuit court, amended the bill generally, and omitted therefrom the averment that she had theretofore exercised her statutory right of redemption in redeeming part of said property, alleging in lieu thereof, that after the foreclosure the Bibb County Bank & Trust Company, the mortgagee and the purchaser at the foreclosure sale, acting through the State

Superintendent of Banks, conveyed the timber rights described in the original bill to the parties made defendants thereto, and conveyed all the other property described in the mortgage to O. Lee Duncan, who at the time of filing said original bill and the amended bill, was still the owner of said property, making said Duncan a party defendant to the bill as last amended.

Said bill as last amended seeks to redeem the entire property from said mortgage foreclosure, and for an accounting for the value of the timber taken therefrom.

The defendant, O. Lee Duncan, answered the bill as last amended, admitting the averments thereof.

The other defendants moved to strike the amended bill on numerous grounds, among others, that it was filed without leave, and that it was a departure from the original, injecting into the case a new cause of action.

The court granted the motion, struck the amendment and dismissed the bill, and from that decree the complainant has appealed.

The bill as last amended cured the "fatal" defect apparent on the face of the bill as presented on the former appeal, and as last amended it has equity. Leave to amend the bill was not necessary. The statute, Code 1923, § 6560, now provides:

"It shall not be necessary to obtain an order allowing an amendment to a bill or answer, but all such amendments, when filed, shall relate back and become a part of the bill, or answer amended, as fully as though the amendment had been incorporated in the bill or answer when filed."

If the bill as last amended is for any cause demurrable, the court should have put the defendants to their demurrer.

While it is well settled that the purchaser at the foreclosure sale or his vendee can not be required to account for timber taken from the land so long as they are the owners thereof, nevertheless, the complainant was entitled to redeem and save to herself what remained. Goodwin v. Donohue et al., 229 Ala. 66, 155 So. 587; Otts v. Avery et al., 234 Ala. 122, 173 So. 844.

The original defendants were without right to raise the question of delay in bringing O. Lee Duncan in as a party, if he elected to waive it.

The fact that the bill prays for relief which its averments do not warrant does not, if it has equity, render it demurrable. Wilks et al. v. Wilks, 176 Ala. 151, 57 So. 776.

The court erred in striking the amended bill.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.