This appeal arises from the trial court's decree granting appellee's motion for summary judgment and denying the relief sought in appellant's complaint for redemption of certain property following a foreclosure sale.
In 1975, appellant, Patricia Yost Purcell, and her husband purchased a lot and house, giving a mortgage for a portion of the purchase price. Thereafter, appellant and her husband were divorced. As a part of the divorce settlement, the parties agreed that appellant would forego possession of the property in return for her ex-husband's assuming responsibility for the mortgage, taxes, and insurance payments. Legal title to the property was not changed and remained in both appellant's and her ex-husband's name.
Subsequently, the mortgage was foreclosed because the husband defaulted in the payment of the mortgage debt, and on June 15, 1978, the property was sold pursuant to a power of sale contained in the mortgage agreement. Appellee, F.L. Smith, purchased the property at the foreclosure sale.
On June 1, 1979, a Friday, at 4:30 p.m. appellant's attorney mailed a certified letter, restricted delivery requested, to appellee notifying him of appellant's desire to redeem the property and demanding a list of all lawful charges due. The notice was mailed to the address of the subject property and was returned June 28, 1979, as unclaimed.
On June 11, 1979, ten days after the demand was mailed, with no response from appellee, appellant filed a complaint for redemption of the property and alleged the failure of appellee to respond to the demand for a statement of lawful charges. Four days later, appellant's attorney received a letter from appellee's attorney acknowledging receipt of the complaint, but not of the demand made on June 1, and requesting appellant to deliver a specified sum in certified funds, the amount paid at the foreclosure sale plus 10% interest per annum as allowed by law, and reserving the right to claim any additional amounts later determined to be lawfully chargeable. *Page 527 
Both parties filed motions for summary judgment with supporting documents. The court granted appellee's motion, denying appellant's, as follows:
 This cause having been submitted to the Court on Motions For Summary Judgment, and the Court finding that a written demand for the statement of debt and lawful charges having been made by the Plaintiff, by mailing the said demand at 4:30 P.M., June 1, 1979, a Friday, and the Court finding that a reasonable time for said letter to have been delivered would be no sooner than June 4, 1979, and the Court finding that the Bill of Complaint in this cause was filed on the 11th day of June, 1979 less than ten (10) days after said demand was made, and the Court further finding that there is no evidence of a tender being made by the Plaintiff to the Defendant in this cause, and the Plaintiff having failed to pay into Court any sums of money,
 It is therefore ORDERED, ADJUDGED and DECREED by the Court that the Motion for Summary Judgment by the Plaintiff is denied.
 It is further ORDERED, ADJUDGED and DECREED by the Court that the Motion for Summary Judgment by the Defendant is hereby granted, and finds and orders that the Plaintiff is entitled to no relief under her Bill of Complaint.
The sole question is at what time does the ten-day period for a response begin running when a redemptioner makes a written demand for lawful charges by mail?
Appellant contends that the ten-day period must be "triggered" by the certain event of the day on which the notice was mailed; otherwise, the commencement of the running of the period is dependent upon "happenstance" and is rendered uncertain in every case. Appellee, on the other hand, contends that the court's finding that three days is a reasonable time for delivery by mail so that the ten-day period commences to run three days after the date of mailing is reasonable and should be upheld.
Section 6-5-230 of the Alabama Code provides, "Where real estate, or any interest therein is sold . . . by virtue of any . . . power of sale in a mortgage, the same may be redeemed by the debtor . . . from the purchaser or his vendee within one year thereafter in the manner provided in this article." The steps necessary to be taken within one year to exercise the statutory right of redemption are set forth in § 6-5-234 as follows:
 Anyone desiring and entitled to redeem may make written demand of the purchaser or his vendee for a statement in writing of the debt and all lawful charges claimed by him, and such purchaser or vendee shall, within 10 days after such written demand, furnish such person making the demand with a written itemized statement of the debt and all lawful charges claimed by him; and failing so to do, he shall forfeit all claims or right to compensation for improvements, and the party so entitled to redeem may, on the expiration of the 10 days, file his complaint without a tender to enforce his rights under this article. [Emphasis added.]
Ordinarily, unless a tender is excused by failure of the purchaser to respond to the demand for lawful charges within ten days, the complaint is defective if it does not show a tender of the amount due. See, e.g., Foerster v. Swift,216 Ala. 228, 113 So. 31 (1927). Thus, unless the ten-day period for the purchaser's response began to run from the date of mailing of the demand, appellant's complaint was premature and was due to be dismissed, there having been neither a tender as required by the statute nor a valid excuse for the failure thereof.
The statute itself offers little guidance in the resolution of this question; it merely states that the statement of charges shall be furnished "within 10 days after such written demand."
The written demand of the purchaser for lawful charges must be made within the one-year redemptive period; it was in this case. Furthermore, the demand may be made by personal delivery to the purchaser or by mail, be it regular, certified, or *Page 528 
registered.
Although the date of placing the demand in the mail would be the most certain and uniform date for the "triggering" of the ten-day period, the reality is that the purchaser, through no fault of either of the parties, may not receive the demand until much later after it was mailed. The statute gives the purchaser ten days in which to prepare the statement of lawful charges so that he may have time to consult with his attorney, if necessary, and to fairly and reasonably assess his proper demands. See Foerster v. Swift, 216 Ala. at 229, 113 So. at 31. But more importantly, the purchaser forfeits the right to claim improvements on the property if he does not respond within ten days. Code 1975, § 6-5-234. The forfeiture of such important rights cannot depend upon the vagaries of modern mail delivery. The ten-day period for response by the purchaser must begin to run from actual receipt by the purchaser of the demand. The burden is on the redemptioner to see that the purchaser receives the demand either by personal delivery or by mail within a sufficient time to effect redemption. If the period for redemption is fast running out and the redemptioner relies upon the mails to timely deliver his demand, then he so relies at his peril.
In Foerster v. Swift, supra, the redemptioner filed her complaint for redemption one day before the expiration of the redemptive period. There was no tender. She made the written demand upon the purchaser one day prior to filing the complaint. In reversing the trial court for failure to dismiss the complaint, this court said:
 It thus appears complainant places some reliance upon section [6-5-234] of the Code . . ., in that she avers written demand was made upon respondent for a statement in writing of the debt and lawful charges claimed, but this demand was made just one day previous to the filing of the bill, while the above-cited statute gave respondent a period of ten days within which to comply therewith. True, complainant was forced to file the bill at that time to come within the statutory period of two years [now one year], but the above-noted section was adopted primarily for the benefit of the redemptioner, and, if he delays to make the demand as therein authorized for a statement until too late for the purchaser or his vendee to have the benefit of the ten-day period allowed by the statute for a compliance, then he can claim no benefit thereunder. Any hardship resulting from a loss of the privileges therein bestowed is the result of his own lack of diligence.
216 Ala. at 229, 113 So. at 31.
In Hale v. Kinnaird, 200 Ala. 596, 76 So. 954 (1917), the purchaser prepared an itemized statement of lawful charges within the ten-day period, but mailed it after the expiration of the ten days. Obviously, the tardiness of the response excused tender in that case. However, the court, in dictum, stated the following in regard to when a demand or notice sent by mail is deemed made: "If she mailed the [statement of lawful charges] on said latter date [within the ten-day period], and it was delayed in transmission through the mails to April 24th [seven days after the expiration of the ten-day period], the burden of compliance resting on her, the delay must affect her right, rather than that of him who made the demand under the statute. The written demand was delivered to her in person. To insure a due reply, under the statute, she should have shown due diligence toward statutory compliance." 200 Ala. at 600,76 So. at 958. Although this statement is dictum and speaks to the converse duty of the purchaser to timely respond, the rationale is persuasive for our holding that a demand for a statement of lawful charges, sent by mail, is deemed made when received by the purchaser. The burden of compliance rests upon the redemptioner and any delay in the making of the demand must, similarly, affect his right rather than that of the purchaser upon whom the demand is made. Since the forfeiture of important rights depends upon the timeliness of a response, the purchaser cannot be penalized by the uncertainties of the mails and the burden rests on the redemptioner to make a written demand, by whatever mode, within the statutory time *Page 529 
limit. Of course, the purchaser may not intentionally defeat the privilege to redeem. See Hudson v. Morton, 231 Ala. 392,165 So. 227 (1936).
Allowing three days for delivery by mail before the ten days start to run is not realistically related to actual delivery time-actual delivery could be sooner or much later-and therefore, is not any more satisfactory than using the date of mailing as the time when a demand by mail is made. Also, both the parties cite different provisions in the Alabama Rules of Civil Procedure as to when a notice or demand by mail is effective. However, the time for effectiveness largely depends upon the context, so the ARCP do not furnish an appropriate analogy in this case. Compare ARCP 4.1 (c) with ARCP 5 (b) and 6 (e).
Appellant further contends that she is excused from making tender because appellee furnished her with only a partial or incomplete statement of charges. Without regard to the effect of an incomplete statement, the complaint in this case was filed without a tender before the ten-day period expired and before the incomplete statement was even given. Thus, the partial or incomplete statement of charges cannot possibly serve to excuse tender in this case.
Accordingly, this case is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, EMBRY and BEATTY, JJ., concur.